## DODD ET AL. *vs.* CITY OF HARTFORD.

A bill in chancery will not lie to restrain a city corporation from enforcing assessment warrants against personal estate, for the expenses of a public improvement, although the assessment and warrant may be illegal and void: as the legal remedy in such case is adequate.

Although numerous separate actions, each brought by a different party, may be necessary at law to recover moneys collected of such parties under an illegal assessment, chancery will not interpose for the mere purpose of consolidating such actions and thereby preventing a multiplicity of suits; inasmuch as no property right or franchise held by the petitioners in common, would be affected by enforcing the tax, and as no one of the petitioners could be injured by the multiplication of actions to which other persons only would be parties.

Courts of equity ought not, except upon the clearest grounds, to interfere with the speedy collection of public taxes.

THIS was a bill in chancery brought by James Dodd and thirty-two others in behalf of themselves and certain other persons named in a schedule annexed to the bill against the mayor aldermen common council and freemen of the city of Hartford, praying for an injunction restraining the defendants from enforcing the collection of certain assessments for the expenses of constructing a sewer within said city.

The bill alleged substantially that on the 14th day of June 1855, the mayor of said city issued a warrant of distress against the goods and chattels of the plaintiffs, for the purpose of compelling them to pay their assessments for the construction of said sewer, which warrant had been levied on the goods and chattels of the said Dodd, and which the respondents were about to levy on the property of the other petitioners and those in whose behalf they appeared.

The bill then proceeded to allege that the sewer named in the warrant had never been laid out by the common council, nor constructed in the manner specified in the warrant, nor had the proceedings by law required to be adopted in laying out constructing and building sewers and assessing and apportioning the expenses thereof in said city, been adopted in relation to said sewers, and that for those and other reasons said warrant was illegal and void.

The bill also averred that said assessments were illegal and invalid, because the statute law of the state under the authority of which they were pretended to have been made, was invalid and void; and because the same had not been made in conformity with said statute, nor with the by-laws of said city, nor with the votes and proceedings of the common council of said city.

That the said James Dodd had commenced an action of trespass against the said mayor and collector of said city, to recover damages for the seizure of his goods and chattels under said pretended warrant, which action was then pending before the superior court for the county of Hartford, and that unless the court should interfere by injunction, the complainants other than said Dodd, and the several persons to the number of three hundred and upwards named in said warrant, would be compelled to commence and prosecute like actions at law in separate suits for like seizure of their goods and estate, for the purpose of enforcing payment of said assessment; that said actions would cause great expense and vexation and greatly disturb the peace of the community.

Therefore, in order to prevent multiplicity of suits, and to determine the rights of the parties, the plaintiffs prayed the court to enjoin said mayor, aldermen, common council and freemen, from in any manner enforcing or undertaking to enforce the payment of said assessments, and from in any manner compelling the complainants to pay the expenses incurred in building said sewers, and from making any distress under said warrant, or any other warrant issued for the collection of said assessment or said expenses.

To the plaintiffs' bill the defendants demurred, and the questions of law arising upon the demurrer were reserved for the advice of this court.

Judges Storrs, Hinman and Ellsworth, being disqualified by interest from sitting on the trial of this cause, Judge Seymour of the superior court was called in under the statute of 1855, and sat with Judge Sanford.

*Fellowes* and *Hubbard*, for petitioners.

A city ordinance prescribing notice of the assessment of taxes must be complied with or the assessment is illegal. *Lowell* v. *Wentworth*, 6 Cush., 221.

An assessment on the "estate" instead of upon the owner or occupant by name is not valid. *Platt* v. *Stewart*, 8 Barbour, 493.

Chancery will not grant an injunction to protect a party against a multiplicity of suits, until his right to such protection is established by a suit at law. Bills of peace have been sustained where the questions were questions of fact or mixed questions of law and fact. *West* v. *Mayor of New York*, 10 Paige, 539.

Bills of peace are allowed, either where the plaintiff has already established his right at law, or where the persons who controvert it are so numerous as to render an issue indispensable to embrace all the parties concerned and save multiplicity of suits. *Eldridge* v. *Hill*, 2 Johns. Ch., 282.

Perpetual injunctions will be decreed where the same question has been frequently litigated in the same manner, or where it is likely to be contested in a multiplicity of suits. 2 Waterman's Eden on Injunctions, 414, note 1. 2 Story's Equity Juris., § 853.

One class of cases to which this remedial process is properly applied, is where there is one general right to be established against a great number of persons. And it may be resorted to, where one person claims or defends a right against many, or where many claim or defend a right against one. 2 Eden on Injunctions, 415, note. Jeremy on Eq. Juris., B. 3, ch. 2, § 1, p. 343. *Eldridge* v. *Hill*, 2 Johns. Ch. R., 281. *Alexander* v. *Pendleton*, 8 Cranch., 462, 8.

In such cases courts of equity interfere to prevent multiplicity of suits. *New Elm Hospital* v. *Andover*, 1 Vern., 266. *Hanson* v. *Gardner*, 7 Ves., 309, 10. *Ware* v. *Hornwood*, 14 Ves., 32, 3. *Dilley* v. *Doig*, 2 Ves., 486. *Mayor of York* v. *Pilkington*, 1 Atk., 282. *Leighton* v. *Leighton*, 1 P. Wm., 671. *Trustee of Huntington* v. *Nichols*, 1 Johns. Rep., 166.

Dodd et al. *v.* City of Hartford.

The court has jurisdiction to interfere by injunction to restrain public officers, proceeding illegally and improperly under a claim of right or to prevent multiplicity of suits. *Mohawk and Hudson R. Co.* v. *Archer,* 6 Paige, 83. *Cooper* v. *Alden,* Harring. Ch., 72. *Burnett* v. *Cincinnatti,* 3 Ham., 72. *Mower* v. *Kiss,* 6 Paige, 262.

Ordinances passed by the city are as binding as if they were acts of the legislature. *City of Boston* v. *Shaw,* 1 Met., 135. *Goddard* v. *Boston,* 16 Pick., 504.

If part of a tax is illegal the whole is. *Rider* v. *Robbins,* 13 Mass., 284. *Libby* v. *Burnham,* 15 Mass., 146.

City ordinances must be adhered to in the mode of execution. *Lowell* v. *Hadley,* 8 Met., 195.

A highway must be laid out with given termini. *Beardsly* v. *French,* 7 Conn., 127. *Stone* v. *Cambridge,* 6 Met., 270. *Hinckley* v. *Hastings,* 2 Pick., 164. *Hicks* v. *Fisk,* 4 Mason, 310. *Herrick* v. *Stover,* 5 Wend., 580.

There must be an adjudication that sewers were necessary. *Jones* v. *Andover,* 9 Pick., 153.

*Robinson* and *Eaton,* for respondents.

I. The bill presents no case for the interference of a court of chancery. 1. The petitioners have a complete and adequate remedy at law. A tax, illegally exacted, may be recovered in an action of assumpsit. *Atwater* v. *Woodbridge,* 6 Conn., 223. *Parker* v. *Redfield,* 10 Conn., 490. *Landon* v. *Litchfield,* 11 Conn., 251. 2. The exercise of the extraordinary power of injunction ought not to be extended. See remarks of Chief Justice Waite in *Whittlesey* v. *Fishkill R. R. Co.,* 23 Conn., 433. It should only be invoked where the injury apprehended is really irreparable in its character, and the right clear. Chancery, therefore, will not restrain a trespass to personal property, unless such consequences will ensue as the law can not redress. *Johnson* v. *Conn. Bank,* 21 Conn., 148. 3. Courts of chancery will not enjoin against the collection of taxes irregularly or erroneously assessed. *Livingston* v. *Hollenbeck,* 4 Barb., 9. *Van Ren-*

*selaer* v. *Kidd,* 4 Barb., 17. *Betts* v. *Williamsburgh,* 15 Barb., 255, 262. This doctrine prevails especially, in cases where the tax is to be enforced against personal property. *Mc Coy* v. *Chilicothe,* 3 Hamm., 380. *Mechanic's Bank* v. *Debolt,* 1 Ohio St. Rep., 591. *Williams* v. *Detroit,* 2 Mich., 560. To enable individuals to pray out injunctions against public taxes, upon the mere suggestion of technical flaws, would be an alarming interference with the vital functions of government. *Methodist Church* v. *Baltimore,* 6 Gill., 391. 4. But the court is urged to interpose, in order to prevent a " multiplicity of suits ; " a suggestion of the bill which is said to be an ample foundation for chancery jurisdiction, independently of all other considerations. As such multiplicity will be due only to the great number of the plaintiffs, it is virtually argued, that if the parties to a controversy are numerous, courts of chancery will divest the courts of law of their jurisdiction. This view of the doctrine referred to is

novel. It is only in certain rare and anomolous cases that the prevention of a multiplicity, not multitude, of suits is an independent ground of equity jurisdiction. The wanton repetition of trespasses, in the face of a right established by law, and malicious attempts to relitigate such a right, will be restrained. Equity will also interfere, where the parties who controvert a right are so numerous, as to render an issue under the direction of the court indispensable in order to embrace all of them. *Eldridge* v. *Hill,* 2 Johns. Ch., 281. *Tenham* v. *Herbert,* 2 Atkyns, 483. The general language just cited is subject to an important qualification. The " right " controverted must be of a peculiar character. It must be a common right, enjoyed in common by several persons, and in such a manner that the invasion of the right of one is really an invasion of the right of all ; such as a right of fishery, for instance. Adams Eq., 199, 200. Story Eq. Jur., §§ 854, 855, 856. There is no such doctrine extant, as that chancery will interfere to settle questions of law, merely because they concern a large number of individuals. *Lapin County* v. *Hart,* Harring. Ch., 157. Suits in equity will not be entertained for the mere purpose of consolidating actions. *Peters*

v. *Prevost*, 2 Paine's Cir. C. Rep., 64. If the tax had been collected, it would hardly be claimed that all the persons taxed could join in a chancery suit for its recovery. 5. Equity will not undertake to prevent a multiplicity of suits, where the claim of right rests on a mere question of law, as, for instance, the legality of the proceedings of a municipal corporation. *West* v. *Mayor of Albany*, 10 Paige, 539.

II. The sewer act is constitutional. *Nichols* v. *Bridgeport*, 23 Conn., 206, 7. *Griffin* v. *Mayor of Brooklyn*, 4 Comst., 419. *Smith* v. *Aberdeen*, 25 Miss., 458. *Scovill* v. *Cleveland*, 1 Ohio St. Rep., 126. *Washington* v. *Nashville*, 1 Swan, (Tenn.,) 177.

III. The proceedings of the court of common council in laying out the sewer were conformable to law.

SEYMOUR, J. This is an application to the superior court as a court of chancery, to restrain the defendants from enforcing the collection of certain assessments for the expenses of a sewer.

The petitioners complain that these assessments and the warrants issued for their collection are illegal and void, and that the petitioners and other persons to the number of three hundred and upwards, will be compelled to commence separate suits, for the damages they will suffer if the warrants are executed, and that thus the peace of the community will be disturbed, and expense and vexation will ensue, unless an injunction be granted to restrain the city from collecting the assessments.

The defendants demur to the petition and the questions arising upon the demurrer are reserved for the advice of this court.

We are of opinion that the court has no jurisdiction to interpose by way of injunction as prayed for. No property, right or franchise held by the petitioners in common is claimed to be affected by the proceedings of the city. The assessments are against the petitioners severally, not against them jointly. If the warrants are collected, and any of these parties have occasion to bring suits at law, their suits must

be several and separate; they certainly can not join in an action at law against the city, or against the collector.

In respect to each one of these petitioners, taking his case separately, it is difficult to see why he has not adequate remedy at law. There is no averment that the real estate of any of the parties has been or can be levied upon. The warrant authorises the taking of personal estate only. No irreparable injury can arise from the levy. If the proceedings of the common council are irregular and void, as the petition-ers claim they are, an action at law will lie to recover all the damages which shall be sustained by the levy, and the question of the legality of the assessment will then be tried in its appropriate forum, a court of law.

The claim most pressed by the petitioners, is that the court ought to entertain jurisdiction in order to prevent a multiplicity of suits. But no one of these petitioners has any interest in the suit which another of them may be called upon to institute. They can not individually complain that others are compelled to sue, for they have no share in the expense or vexation of each others suits.

The multiplicity of suits which the petition seeks to avoid, does not affect injuriously any one of the petitioners. No one of them has occasion to expect any such multiplicity affecting himself. One suit is all that any one of them has to fear and the object of this bill would seem to be, to relieve these parties severally from that one suit, and to consolidate the apprehended litigation. In other words, to enforce a consolidation rule, by means of the extraordinary powers of a court of chancery. If the assessment were against one person only, it is not claimed that he could transfer from a court of law to a court of equity, the question of his liability. But how is the condition of any one of these petitioners the worse, because others are assessed for the same improvement. It would undoubtedly be convenient to try the questions relating to these warrants in one comprehensive law suit. But it does not seem to the court that the case presented by the bill is one of such irreparable injury, or of inadequate relief

at law, as to warrant us in taking it away from the legal tribunals.

There are also reasons of policy, founded on the necessity of speedy collection of taxes, which ought to prevent a court of chancery from suspending these proceedings, except upon the clearest grounds.    We therefore advise the superior court that the demurrer is well taken, and that the petition be dismissed.

In this opinion, SANFORD J., concurred.

Bill to be dismissed.