SAMUEL S. ROWLAND AND OTHERS vs. THE FIRST SCHOOL DISTRICT OF WESTON.

A court of equity will not, except in an extreme case, interfere by injunction with proceedings for the collection of taxes.

And it does not affect the question that the property levied on for taxes is real estate.

PETITION for an injunction against the collection of a school district tax claimed to be illegal; brought to the Court of Common Pleas of Fairfield County. Upon a demurrer the the court (*Brewster, J.*) dismissed the petition, and the petitioners brought the record before this court by a motion in error. The points of law decided will be sufficiently understood without a statement of the case.

*Sanford*, for the plaintiffs in error.

*Woodward* and *Perry*, for the defendants in error.

FOSTER, J. It is quite unnecessary to the decision of this case, to enter into any discussion as to the powers and duties of a court of equity to interfere by injunction with the collection of taxes. The subject has been before this court in several recent cases. *Arnold* v. *Middletown*, 39 Conn., 401; *Dodd* v. *City of Hartford*, 25 Conn., 232. The case of *Dodd* v. *City of Hartford* is on all fours with the case at bar. The only ground of difference suggested is, that in that case the plaintiff sought to protect his personal property from being levied upon, and in this case the injunction is asked to protect real estate. We perceive no substantial reason why an injunction should be granted to protect real estate from a levy, that would not apply, with equal force, to personal estate. If there be any difference, the necessity for protecting personal property would seem to be the greater. A party might be deprived of personal chattels, even under an illegal taking, and so be compelled to resort to an action for damages as the only redress. Not so in regard to real estate. There could be no amotion of that, by any levy, valid or void. That would remain *in statu quo ante censum*. If the preliminary proceedings were illegal and void, as in this case they are claimed to be, neither the land nor the owner would be in danger of any such injury as that the extraordinary powers of a court of equity need be invoked for protection.

We can give no countenance to the argument of the plaintiff's counsel impugning the authority of *Dodd* v. *City of*

*Hartford.* We think that case was correctly decided, and we regard the principles enunciated in it to be sound and salutary. If the plaintiff is correct in his claim, if the proceedings of the defendants are wholly unwarranted by law, the injury impending is in no sense irreparable, and there is ample remedy in the courts of law. On the other hand, should the plaintiff be mistaken, and should it finally appear that this tax has been duly and legally imposed, surely no court of equity should interfere. We discover therefore no sufficient grounds on which to rest the exercise of the extreme, though sometimes necessary, power of a court of chancery to stay proceedings by injunction. *Hine* v. *Stephens*, 33 Conn., 505; *Munson* v. *Munson*, 28 Conn., 582; *Sheldon* v. *Centre School District*, 25 Conn., 224. There is no error in the judgment below.

In this opinion the other judges concurred.