JOSEPH T. FILIAU ET AL. *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Whatever the rule elsewhere, in this State owners of land abutting a city street are not entitled to enjoin the collection of a street paving assessment authorized by the city charter, or the filing of liens therefor upon their lands, merely because of the alleged illegality of the assessment proceedings and the unconstitutionality of the charter provisions, if these afford abutters an adequate remedy at law; nor will such an injunction lie upon the theory of preventing multiplicity of suits involving the same facts and parties, since the interests of the abutters are several and not joint.

The case of *Dodd* v. *City of Hartford*, 25 Conn. 232, approved and followed.

Argued January 7th—decided April 17th, 1920.

SUIT to restrain the defendant from collecting or attempting to collect from the plaintiffs, owners of land abutting upon Windsor Avenue in Hartford, any part of the cost of paving that street with sheet asphalt, and from placing liens for any part of the cost of such paving upon the lands of the plaintiffs, brought to and tried by the Superior Court in Hartford County, *Keeler, J.*, upon a demurrer to the complaint; the court sustained the demurrer and, upon the refusal of the plaintiffs to plead over, rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

The substantial allegations of the complaint are that the defendant is a municipal corporation having charge over the highways within its limits, and among them a certain highway known as Windsor Avenue, which is a main highway leading from Hartford to Springfield and is part of the trunk line highway system;

that the defendant claims the right to pave, and is engaged under the provisions of its charter in paving, a portion of said Avenue lying between Westland Street and the Windsor town line with sheet asphalt; that the plaintiffs are severally owners of lands abutting on that portion of Windsor Avenue which the defendant is paving, and that the city intends to claim a lien or liens for a part of the cost of paving and the right to assess against abutting owners two-thirds of the cost of its paving; that the plaintiffs have protested against this paving; that no petition was presented by residents and taxpayers for the doing of said work; that the highway in question was neglected and out of repair and should have been repaired long ago, but that no public convenience or necessity required the paving of said street with asphalt at this time; that the cost of such paving the present season is excessive; that one of the reasons for doing the work at the present time was as a war measure, providing a means for transportation of war material by motor trucks to and from the city of Hartford; that there is no such war necessity, but that the steam railroad between Hartford and Springfield is sufficient; that the defendant has abused its discretion; that the abutting property-owners will not be benefited nor the value of their property enhanced; but that the defendant threatens to assess two-thirds of the cost of said construction against the property-owners, including the plaintiffs, which assessment will be wholly beyond and incommensurate with any possible benefit; that the plaintiffs are without adequate remedy at law, and that defendant has no authority, under its charter or by general law, to make such improvements, nor has it been ordered by the War Department to make such improvements; and that the defendant is wholly without authority to assess or enforce pay-

ments of any part of the cost of said paving against any of the plaintiffs; and further, that the imposition and collection of such assessments would be a taking of the property of the plaintiffs for public use without just compensation and without due process of law, in violation of Article V and Section 1 of Article XIV of the Amendments to the Constitution of the United States.

The plaintiffs claim an injunction restraining the defendant from attempting to collect any part of the cost of such paving from them, and from placing or attempting to place any lien upon the lands of the plaintiffs, and from attempting in any way to encumber the title of the plaintiffs in any of their said lands in an attempt to collect any part of said cost; and second, an injunction restraining the defendant from collecting any part of the cost of the pavement in excess of the amount of benefits actually conferred upon said properties by such paving.

To this complaint the defendant demurred because the defendant was clothed with discretion in ordering the improvements complained of; because the Avenue in question is a main thoroughfare and a trunk line highway; because it appeared that the Avenue in question was out of repair and would require and should have received long before this date the proper treatment to make the same reasonably passable and safe and convenient for public travel; because it was nowhere alleged in the complaint that in any way the proceedings on the part of the defendant in ordering the pavement of said Windsor Avenue and in moving to collect the assessments are in any way illegal and in violation of the provisions of the statute under which the City of Hartford operated with respect to the same; because no facts were alleged showing actual abuse of discretion; because the assessment of benefits was not unconstitutional but a valid exercise of the

power of taxation on the part of the City of Hartford; because when this injunction was brought the defendant was already engaged in the work of paving said Avenue, and the application for relief by injunction was not seasonably made; and because the special statutes of Connecticut setting forth the charter powers of the city provide an adequate remedy for the plaintiffs against any excessive, unwarranted, unfair and unjust assessment of benefits on account of said paving, and it nowhere appears that the plaintiffs have either invoked or exhausted the remedies so provided by law; and because a court of equity will not interfere in a collateral proceeding of this character until it does appear that the plaintiffs have exhausted such statutory remedies and are without adequate relief thereunder.

The court sustained the demurrer; the plaintiffs filed their memorandum that they did not desire to plead over; and the court thereupon rendered judgment for the defendant on demurrer sustained, and the plaintiffs appealed from the action of the court in sustaining the demurrer.

*Joseph P. Tuttle,* with whom was *Reinhart L. Gideon,* for the appellants (plaintiffs).

*Robert P. Butler,* with whom was *Andrew J. Broughel,* for the appellee (defendant).

GAGER, J. This action is brought by the owners of property fronting on a portion of Windsor Avenue in Hartford, to restrain the city of Hartford from assessing the benefits for improved paving adopted and already being constructed under the Act of 1917. This Act is found in the Special Laws of 1917, p. 869, and reads as follows:—

"Section two of an act amending the charter of the city of Hartford concerning street paving, approved May 19, 1915, is amended to read as follows: The city of Hartford may cause to be paved with granite, asphalt or other substantial pavement other than concrete or the macadam in general use, as the board of street commissioners shall select, not exceeding four miles of highway in each year, without petition therefor, in addition to the amount petitioned for by property owners. The board of street commissioners shall select the streets to be paved, and after notice to the property owners interested, by publication in the daily newspapers of the city, and, so far as practicable, by a written or printed notice addressed to the property owners interested, at their last known place of abode, and deposited in the postoffice, postage paid, at least ten days before taking the action herein contemplated, may pass votes to be submitted to and approved by the city council ordering such pavement, and assessing the aforesaid share of the expense upon the abutting owners as hereinbefore provided." That part of Section 1 of the Act of 1915 (Special Laws, 1915, page 343) relating to assessments and referred to in the above Act of 1917, reads as follows:—

"Said city council shall have power to assess the whole cost of such paving or repaving, including that portion contiguous to lateral and intersecting streets, and excluding that portion of the street which, by law or contract, a street railway is under obligation to pave, one-third of such cost upon said city of Hartford, which shall be paid out of the treasury of said city upon the order of the city council, and two-thirds of such cost upon the owners of the property abutting on the line of such improvement, in such proportion as said property may be especially benefited thereby, and may enforce the collection of such assessments in the

manner provided by the charter or ordinances of said city for the collection of assessments. On the completion of the work and assessment for the cost of the same, such assessment shall be final and conclusive on all parties in interest; and such assessment shall be a lien upon the land on account of which it was assessed, in the same manner and to the same extent as is provided in the charter of said city in the case of assessment for benefits arising from other public works and improvements." The city charter provides for appeals from the assessment of benefits. 7 Special Laws (1873) p. 527, § 3.

The highway improvement referred to was undertaken under the powers granted in the laws above quoted, more particularly the Act of 1917. The material grounds upon which the action is based, as summarized in the plaintiff's brief, are: (1) A lack of authority to levy the assessments, or the claim that the assessment is void; (2) the liens placed against the lands of the plaintiffs constitute a very material cloud upon the title; (3) no adequate remedy exists at law; (4) the prevention of a multiplicity of suits involving the identical facts and parties.

The various allegations on which the action is founded are demurred to. Taken collectively, as is done by counsel on both sides in their briefs, the various grounds of demurrer together raise the question of the jurisdiction of the court upon the allegations of the complaint to grant the relief sought. The trial court, while formally sustaining the demurrer upon all points, evidently ruled upon the broad proposition that upon the facts alleged equity would not interfere, and bases its ruling upon *Dodd* v. *Hartford*, 25 Conn. 2. Should *Dodd* v. *Hartford* clearly apply, it will be unnecessary to discuss separately the subordinate points raised by the demurrer.

The case of *Dodd* v. *Hartford* was a petition by several persons assessed for benefits, to restrain the defendant from enforcing the collection of certain sewer assessments on the ground that they were illegal and void, and the joinder of plaintiffs was based on the power of equity to prevent a multiplicity of suits. While not explicitly stated in the opinion, it appears from defendant's brief that the question of constitutionality was deemed to be in the case, and we think the *Dodd* case does not differ from the present in any essential particular. This disposes of the first and fourth of the plaintiff's claims as stated above. The second claim, that the lien would be a cloud upon title, would be determined according to the legality or illegality of the assessment. The claim of no adequate remedy at law has no greater force than those relating to multiplicity of suits and illegality.

It very distinctly appears that the gravaman of the plaintiffs' opposition is the present "high cost of living " applied to highway improvements. Whatever the objections to the assessments or their collection, if there are any of legal merit, they can be fully asserted in appropriate legal action under the provisions of the charter or when the city undertakes to collect. In the *Dodd* case the court said: "If the proceedings of the common council are irregular and void, as the petitioners claim they are, an action at law will lie to recover all the damages which shall be sustained by the levy, and the question of the legality of the assessment will then be tried in its appropriate forum, a court of law. The claim most pressed by the petitioners, is that the court ought to entertain jurisdiction in order to prevent a multiplicity of suits. But no one of these petitioners has any interest in the suit which another of them may be called upon to institute. They cannot individually complain that others are

compelled to sue, for they have no share in the expense or vexation of each others suits. . . . There are also reasons of policy, founded on the necessity of speedy collection of taxes, which ought to prevent a court of chancery from suspending these proceedings, except upon the clearest grounds." *Dodd* v. *Hartford,* 25 Conn. 238, 239. The plaintiffs have argued that the *Dodd* case should, in view of the later authorities, be distinguished; but the authority of the *Dodd* case is reaffirmed by the later authorities and its soundness has hitherto been unquestioned. In *Swift* v. *Larrabee,* 31 Conn. 225, 229, on the question as to multiplicity of suits, the court says: "The true rule on that subject is clearly stated . . . in *Dodd* v. *City of Hartford.*"

*Rowland* v. *First School District of Weston,* 42 Conn. 30, 31, was a petition, brought by a number of taxpayers, for an injunction against the collection of school district taxes as illegal, and is particularly pertinent in view of the claim here made as to the effect of the lien as a cloud on title to real estate. The court there said: "The case of *Dodd* v. *City of Hartford* is on all fours with the case at bar. The only ground of difference suggested is, that in that case the plaintiff sought to protect his personal property from being levied upon, and in this case the injunction is asked to protect real estate. We perceive no substantial reason why an injunction should be granted to protect real estate from a levy, that would not apply, with equal force, to personal estate. If there be any difference, the necessity for protecting personal property would seem to be the greater. A party might be deprived of personal chattels, even under an illegal taking, and so be compelled to resort to an action for damages as the only redress. Not so in regard to real estate. There could be no amotion of that, by any levy, valid or void. That would remain *in statu quo*

*ante censum.* If the preliminary proceedings were illegal and void, as in this case they are claimed to be, neither the land nor the owner would be in danger of such injury as that the extraordinary powers of a court of equity need be invoked for protection. We can give no countenance to the argument of the plaintiff's counsel impugning the authority of *Dodd* v. *City of Hartford.* We think that case was correctly decided, and we regard the principles enunciated in it to be sound and salutary." In *Waterbury Savings Bank* v. *Lawler,* 46 Conn. 243, 247, the court said: "The case of *Dodd* v. *City of Hartford,* 25 Conn. 232, was the first in the line of decisions in this State that resulted in establishing the above doctrine. It was there held that a bill in chancery would not lie to restrain the city from enforcing the collection of illegal assessments by the levy of warrants on personal estate. SEYMOUR, J., in giving the opinion, laid some stress on the fact that there was no averment in the bill that the real estate of any of the parties had been or could be levied on, and that the warrant only authorized the taking of personal estate. This may have led the profession generally to assume that the court would recognize a distinction between personal and real estate in the application of the remedy by injunction. But the late case of *Rowland* v. *First School District of Weston,* 42 Conn. 30, obliterates this supposed distinction." We have cited from the opinion in the *Rowland* case above. In *Taylor* v. *Secor* and other cases, cited as the "Railroad Tax Cases," 92 U. S. 575, 23 L. Ed. 663, 673, the *Dodd* case is cited with approval to this proposition (p. 613): "It has been repeatedly decided that neither the mere illegality of the tax complained of, nor its injustice nor irregularity, of themselves, give the right to an injunction in a court of equity."

But the plaintiffs specially urge the prevention or

removal of cloud upon title as a specific equitable
ground of relief, based upon the claimed unconstitution-
ality of the Act under which the improvement is made.
We may admit that in many jurisdictions injunction
would lie in such a case. 4 Pomeroy's Equity (4th Ed.)
§§ 1810 and 1866. In the note to § 1810 of Pomeroy
it is stated, however, that such is not the rule in Con-
necticut, citing *Rowland* v. *First School District, supra,*
and *Waterbury Savings Bank* v. *Lawler, supra.* In
the latter case, the question of cloud upon title was
discussed at some length, and in the course of the
decision the court said: "Although, as suggested, the
facts of this case may bring it within the ordinary
definition of a threatened cloud upon the plaintiff's
title, by creating a prima facie right which must be
overcome by evidence aliunde, yet there is one element
wanting, which in this class of cases always calls most
imperatively for equitable interference. I refer to
the fact that the evidence to rebut the prima facie
title is not in this case liable to be lost by the unavoid-
able death of witnesses, or any other cause likely to
happen; for the rebutting facts relied upon, to wit,
the mortgage, the foreclosure, and the date when the
plaintiff's title became absolute, are all matters of
record and easily obtained. So that ultimately the
petitioner will be sure to vindicate his title in a court
of law and successfully defend his possession. The
injury to be apprehended therefore is by no means
irreparable, and the court might well act upon its
discretion and deny the injunction." That observation
applies with special force in the present case, for
whether or not a lien which would cause a cloud upon
the title would be unconstitutional, depends simply
upon the construction of the two Acts amending the city
charter. In the same way as in Pomeroy, Connecticut
is referred to in note 16 (p. 448), § 486 of High on In-

junctions, Vol. 1, 4th Ed. See also Cooley on Taxation (3d Ed.) Vol. 2, page 1452. Whatever may be the rule elsewhere, we see no sufficient ground for changing the well-settled rule in force in our State for more than sixty years.

It appears that the actual prosecution of the work was going on at the time this action was brought, and it must be presumed that before the work was begun all parties had the notice prescribed by the statute of 1917. What would have been the result had a suit for an injunction against beginning and prosecuting the work been seasonably brought, it is not necessary to discuss. The present suit is not an attempt to interfere with the work, but only to avoid paying benefits, and the plaintiffs should be left to their legal defense, if any, when the attempt is made to collect the assessment.

The trial court was right in sustaining the demurrer on the grounds stated in *Dodd* v. *Hartford,* and affirmed in later cases, and therefore we leave the other features of the demurrer without comment.

There is no error.

In this opinion the other judges concurred.