———o◆o———

### AARON C. ARNOLD *vs.* THE TOWN OF MIDDLETOWN.

Upon a petition for an injunction against the collection of a tax, on the ground that a large sum was irregularly and illegally, and without notice to the petitioner, added to his list as money at interest, it was held that there was adequate remedy at law and that the bill should on this ground be dismissed.

A bill in equity may be dismissed at any stage of the case, if it appears that there is so complete remedy at law as to destroy the jurisdiction of the court.

Chancery will not, without imperative reasons, interfere by injunction with the collection of public taxes.

Answers in chancery which deny both the truth and the sufficiency of the allegations of the bill, are irregular, but are sanctioned in this state by long and general practice.

BILL for an injunction against the collection of a tax by the respondent town ; brought to the Superior Court in Middlesex County. The answer of the respondents was " that the bill and the allegations therein contained are all and singular untrue, and if true, are insufficient." The court found the following facts :—

The petitioner on the 25th day of July, 1870, was the owner of a certain lot of land situated upon Union street, in the city of Middletown, upon which were two dwelling houses, the basement of one of them being used as a store. This property had for a number of years been assessed to the petitioner in the assessment lists of the town of Middletown at $1,800. On the 25th of July, 1870, the Connecticut Valley Railroad Company, desiring to take a small portion of this property for the purpose of obtaining the right of way for their railroad, which was then in process of construction, and being unable to agree with the petitioner as to the price to be paid him for the portion so taken, made an application to a judge of the Superior Court, for the appointment of appraisers as provided by law in such cases. On the 1st day of August, 1870, three appraisers were regularly appointed by the judge, and the petitioner was duly heard before them. On the 30th of August, 1870, the appraisers made their report, giving the petitioner $6,000 as his damage, which report was filed in the county clerk's office for Middlesex county, as provided by law, on the 2d day of September, 1870. The $6,000 were paid to the treasurer of Middlesex county, on the 28th day of October, 1870, by the railroad company for the petitioner, as provided by law, and was received by the petitioner from the treasurer on the 7th day of November, 1870.

On the first Monday of October, 1870, Joseph E. Lathrop was elected one of the assessors of the town of Middletown, and regularly qualified himself to perform the duties of his office. The petitioner made out no list of his property, which was subject to taxation on the 1st day of October, nor did he hand any sworn list to any assessor of the town. During the month of October Lathrop as assessor came upon

the petitioner's premises for the purpose of receiving his
assessment list, having with him a book in which was entered
the list of the petitioner for the previous year, and with that
list before him he inquired of the petitioner if there were any
changes in his taxable property. The petitioner replied,
" No, except in the matter of the railroad, and if that goes I
suppose the house is sold." He also said to the assessor,
" You assess my property the same as last year, as I will
probably stay here through the winter." Lathrop then in-
quired of the petitioner if that was all the change in his
property. The petitioner replied that it was. Lathrop then
said, " You take your oath that that is all, do you?" The
petitioner replied, " Certainly I do." This was the way in
which most of the assessment lists were made and received
by the same assessor on the assessment of 1870. Lathrop had
been assessor of the town for five or six years preceding, and
for four or five of these years the list of the petitioner had
been made out, sworn to, and received by the assessor, in
this manner. The petitioner supposed that his list had been
made out, containing the same items as his list of the pre-
vious year, and that it had been sworn to, and been regularly
received by the assessor, and failed to make any other list.
The assessor thereupon did not make out any separate list for
the petitioner and add thereto ten per cent, but entered his
assessment upon the grand list of the town, assessing his
property the same as it was assessed the year before, and he
also put on the grand list opposite the name of the petitioner
in pencil mark, the sum of $6,000, under the head of " money
at interest." There was no heading upon the grand list used
of "money due " or " choses in action." The assessor did
not make oath to the truth of the grand list. He lodged the
same with the town clerk of the town, as by law provided, on
the 15th day of December, 1870.

In January, 1871, when the board of relief met as by law
provided, the assessment of $6,000 to the petitioner was
spoken of, and the same was approved by the board, but the
item was not placed on the list by the board or by their
order.

The petitioner had no notice, either from the assessor or the board of relief, that this sum of $6,000, or any other sum, was to be added to his list, or that it had been added to his list, or any notice of any kind with reference to any addition or any change in his list from any source. The petitioner had no such sum of $6,000 at interest or due him, or choses in action of that amount then taxable, except the sum of $6,000 paid him by the railroad company, if that sum was then taxable.

The respondents offered parol evidence to prove, and if the evidence be admissible did prove, that the sum so assessed as " money at interest," was in fact intended to cover the amount coming to the petitioner from the railroad company.

Upon the petitioner's list thus completed, including this sum of $6,000, a warrant was duly issued to collect the tax levied thereon, and with the list and warrant the collector of the town, in the summer of 1871, called upon the petitioner for the payment of his tax, when the petitioner for the first time learned that the sum of $6,000 had been added to his list. He then, and before the commencement of this suit, offered to pay, and tendered to the collector, all of his tax except the part levied on the $6,000, which offer the collector refused, and threatened to levy his warrant upon either the person or property of the petitioner.

Upon these facts the case was reserved for the advice of this court.

*Warner*, for the petitioner.

1. A court of equity will, on general principles of equity, grant the injunction sought. 1st. On the ground of mistake. This is an assessment of money at interest when the petitioner had none, as is admitted. 2d. On the ground of fraud; since the alteration of this list by one assessor without notice to the petitioner and without consulting the others is not only a fraud, but a crime working an injury to the petitioner. 3d. On the ground of surprise; because the petitioner supposed he had made his list and sworn to it according to law, and in law had so made it, in which event this sum of $6,000 could not have been legally added under any head, without notice.

2. The question of jurisdiction can only be raised by the pleadings. *City of Hartford* v. *Chipman*, 21 Conn., 488; *Niles* v. *Williams*, 24 id., 285.

*Bacon*, for the respondents.

1. There is adequate remedy at law. It has been repeatedly decided by this court, that a tax illegally exacted may be recovered in an action of assumpsit. *Atwater* v. *Woodbridge*, 6 Conn., 223; *Parker* v. *Redfield*, 10 id., 490; *Landon* v. *Litchfield*, 11 id., 251, and many recent cases. If there is adequate remedy at law a court of equity has no jurisdiction.

2. If the remedy at law were less complete than it is, there are grave reasons of public policy why a court of chancery should not interfere by injunction to prevent the collection of taxes. *Dodd* v. *City of Hartford*, 25 Conn., 232; *Betts* v. *Williamsburgh*, 15 Barb., 255, 262; *Methodist Church* v. *Baltimore*, 6 Gill, 391; *Wilson* v. *Mayor &c. of New York*, 4 E. D. Smith, 675; *Hughes* v. *Kline*, 30 Penn. S. R., 227; *Brewer* v. *Springfield*, 97 Mass., 154; *Greene* v. *Mumford*, 5 R. Isl., 478.

FOSTER, J. We are all of opinion that this bill should be dismissed. The questions raised are all questions of law, and should be decided in a court of law. The remedy there, in the words of CHURCH, J., in *Chipman* v. *Hartford*, 21 Conn., 498, is "obvious, adequate, and complete." The question of jurisdiction, it is true, is a preliminary one, and as a general rule, cannot be made at the hearing. In any stage of a case, however, if it appears that the court has no proper jurisdiction of the subject, it ought to be dismissed. The answer of the defendants involves this question; for though it denies, generally, the truth of the facts set forth in the bill, it also denies their sufficiency if true. Such an answer is subject to the charge of duplicity, and is not, probably, what Lord Coke would call "good and orderly pleading," but it has with us the sanction of long and general practice, and has not been found inconvenient.

. The reasons are obvious and numerous, on grounds of public policy, why the extraordinary power of injunction should not be exercised in this case. It would interrupt the collection of taxes, one of the most important attributes of the sovereign power, one of its most vital functions. Such an interference might, at times, be dangerous to the safety of the state, and is not to be resorted to except for the most imperative reasons. In this case no such reasons exist. Here is no irreparable mischief; there is no wrong about to be done, no injury about to be inflicted, for which the law will not afford ample redress. And it should always be borne in mind that the statute which confers equity powers upon our courts, cautiously and expressly limits them to " take cognizance only of matters in which adequate relief cannot be had in the ordinary course of law."

The Superior Court is advised to dismiss the bill.

In this opinion the other judges concurred.