MARY C. ROBERTSON *vs.* JOHN LEWIE.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Proof of verbal threats by a defendant to take or continue the course of action complained of is not indispensable to secure an injunction. It is sufficient if his conduct satisfies the trial court that such is his intention.

The defendant was enjoined from obstructing, on his own land, the outlet of a ditch which had for many years drained the adjoining premises of the plaintiff. *Held* that the fact that the ditch was dry at certain seasons of the year was no objection to granting the injunction.

The plaintiff recovered but $15 for damages already caused by the defendant's obstruction. *Held* that the injury to her premises might nevertheless be irreparable and affect the value of the inheritance, if the obstruction were allowed to become permanent.

Whether damages are to be viewed by a court of equity as "irreparable" or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered.

Argued October 11th—decided December 16th, 1904.

ACTION for an injunction against the further obstruction of an ancient drain or ditch, and for damages, brought to and tried by the Court of Common Pleas in Hartford County,

*Coats, J.;* judgment granting an injunction and awarding $15 damages. *No error.*

*Herbert O. Bowers,* for the appellant (defendant).

*Leonard Morse,* for the appellee (plaintiff).

BALDWIN, J. The sole objection to the judgment of the Court of Common Pleas is that no case was made out for equitable relief.

The plaintiff and her predecessors in title had for nearly fifty years maintained and used, under an adverse claim of right, a ditch upon their land two feet wide and equally deep, through which it was drained; the water being discharged upon land of the defendant. This outlet the defendant had obstructed by constructing, two months before the action, and ever since maintaining a driveway across it, upon his land, which he claimed the right to maintain. The damage already caused by the setting back of the water caused by the obstruction amounted to $15.

It is not indispensable to the maintenance of a suit for an injunction to prove that the defendant has in words threatened to take or continue the course of action of which complaint is made. It is sufficient if his conduct satisfies the court that such is his intention.

Nor was it of any importance that in the dry seasons of the year the ditch is dry. It was enough that whenever it was useful to the plaintiff, its course was obstructed.

It is contended that an injunction in such a case issues only to prevent irreparable damage, and that the damages suffered by the plaintiff are and will be trifling. Whether damages are to be viewed by a court of equity as "irreparable" or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered. The value of the plaintiff's whole estate may be small, but she is as fully entitled to equitable protection as if it were a place worth a million dollars. Land which needs drainage and enjoys drainage is permanently and seriously injured by the obstruction of that drainage.

Its utility, if such obstruction be permanently continued, must be impaired, and for certain purposes may be destroyed. Damage so occasioned may properly be regarded as irreparable, and going to the value of the inheritance.

*Smith* v. *King*, 61 Conn. 511, is claimed to support this assignment of error; but it is enough to remark in regard to that case, first, that the finding indicated that the obstruction to the watercourse there in question was not of a permanent character, and, second, that it affirms the right to grant an injunction against acts which put the value of the inheritance in jeopardy.

The finding does not precisely correspond with the averments of the complaint, and a claim of variance is made. There is no merit to an exception of this nature, unless the variance be a substantial one. That now in question is not such. Rules of Court, p. 45, § 149.

There is no error.

In this opinion the other judges concurred.