GEORGE A. WILCOX *vs.* THE TOWN OF MADISON ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN and BANKS, Js.

Equity will not enjoin the collection of a tax merely because it is illegal and void; to warrant such summary interference with the exercise of one of the most important attributes of sovereignty, there must further appear some recognized ground for general equitable relief as, for example, that the taxpayer is threatened with irreparable injury and has no adequate remedy at law.

This rule of noninterference by injunction has no application where the property which has been assessed is by law exempt from taxation.

The plaintiff in the present case sought to restrain the collection of his taxes solely upon the ground that the action of the assessors in listing and valuing his land as "building lots," instead of following his own classification of "house lots" and "land, parcels of farms," etc., was irregular, illegal and not in compliance with the statute. *Held* that the plaintiff was not entitled to injunctive relief, since it did not appear that he was subjected to irreparable injury, or his land to unjust and excessive valuation, and, more especially, since this court had already determined, upon an appeal by this plaintiff from an assessment of a previous year (*Wilcox* v. *Madison,* 103 Conn. 149), that the method here followed by the assessors was not illegal.

Although a tax warrant is in the nature of an execution, it is well established, through long custom and usage and by the necessities of government, that it may issue without a previous judicial determination of liability. Therefore, Chapter 121 of the Public

Acts of 1925, which authorizes tax collectors to depute in writing any deputy sheriff or other officer to serve a warrant for the collection of any tax, is not objectionable as a grant of judicial power to an administrative officer, since, even if judicial sanction for such procedure were necessary, it is to be found in the general tax warrant, required by § 1317 of the General Statutes, which is signed by a justice of the peace and which is the collector's general authority for proceeding with the collection of all taxes.

Argued April 22d—decided June 6th, 1927.

ACTION for an injunction to restrain the collection of a tax, for a judgment declaring the tax to be illegal and void in whole or in part, and for other relief, brought to the Superior Court in New Haven County and reserved by the court (*Baldwin, J.*), upon an agreed statement of facts, for the advice of this court.

*George E. Beers* and *Frederick C. Hesselmeyer*, for the plaintiff.

*Ernest L. Averill*, for the defendant.

BANKS, J.   The plaintiff in this action seeks to have the defendants, the town of Madison and its tax collector, enjoined from proceeding with the collection of taxes assessed upon his property, both real and personal, alleging that the proceedings taken by the board of assessors of the town in placing the valuations upon the items of real estate upon his tax list, and the action of the defendant Watrous, the tax collector of the town, in issuing a warrant for the collection of the taxes assessed against the plaintiff, were irregular and illegal, that the enforcement of such tax would constitute the taking of his property without due process of law, and would work an irreparable injury to him, and that he has no adequate remedy other than that afforded by this action.

As appears from the agreed statement of facts, the

plaintiff gave in his tax list within the time prescribed by law, containing a list of all the property, real and personal, owned by him October 1st, 1924, in the town of Madison. Upon the reverse side of the printed form he listed his house, barns, etc., under the head, "Buildings," the lots upon which the buildings stood under the head, "House Lots," and his remaining land under the head, "Land, Parcels of Farms," etc. No valuations were placed upon the various items by the plaintiff except that opposite the item "Cash on hand," etc., he inserted the figure $550. The assessors wrote nothing upon the reverse side of the list, but added a sheet upon the same printed form upon which they listed under the head, "House and Building Lots," with a subdivision entitled "Acres," all the property listed by the plaintiff under the heads "House Lots" and "Lands, Parcels of Farms," etc., and entered the valuations placed upon the same. They then entered the total valuation so determined upon the face of the tax list opposite the items listed by the plaintiff in the column entitled "Assessors' Valuation." The officials of the town thereupon laid a tax of $2,034.60 upon the property of the plaintiff, and took the usual steps up to and including the issuance of service of the general tax warrant, which were in all respects regular and valid. The plaintiff took no appeal to the board of relief, but refused to pay the tax, and on July 20th, 1926, the defendant Watrous, as tax collector, issued an alias warrant under the provisions of Chapter 121 of the Public Acts of 1925 under which the defendant Maley, as a deputy sheriff, made demand upon the plaintiff for the amount of the tax with accretions and incidents, amounting in the whole to $2,306.39. The defendants suspended further action upon the tax warrant, and without prejudice to any rights consented to the issuance of a temporary injunction

holding the matter in *statu quo* until the rights of the parties could be adjudicated.

The questions upon which the advice of this court is sought are stated as follows: (1.) Whether the inclusion of the land referred to in paragraphs 9 to 16 inclusive by the assessors in Exhibit 3 in the manner in which they have included it is valid and constitutes a proper basis for the assessment of said land? (2.) Whether a violation of law in this respect has invalidated or otherwise affected the assessment as to said land? (3.) Whether the steps essential to the validity of the alias tax warrant have been taken? (4.) Whether the enforcement of the tax as assessed would constitute the taking of property without due process of law, and would be contrary to the provisions of the United States Constitution and the Amendments thereof? (5.) Whether such enforcement would likewise be in contravention of the Constitution of the State of Connecticut and of the Amendments thereof? (6.) Whether the Superior Court has any jurisdiction in the premises? (7.) Whether the said court has jurisdiction to grant a permanent injunction restraining any further action by any of the defendants hereto, or anyone acting in their behalf, against the collection or enforcement of the tax assessed in this case? (8.) Whether or not the Superior Court has jurisdiction to render a judgment declaring said tax to be null and void and removing the lien thereof? (9.) Whether or not the Superior Court has jurisdiction to render a judgment in the alternative to collect any amount of said tax, should it be found to be illegal only in part, and declaring the balance null and void and removing the lien thereof? (10.) Whether or not the plaintiff has any adequate remedy at law?

The controlling question is whether equity will enjoin the collection of a tax in the circumstances here

presented. There exists an apparent want of harmony in the decisions of courts of other jurisdictions upon the question of the exercise of equitable jurisdiction to enjoin the collection of taxes. In a considerable number of States the courts have held that the jurisdiction rests solely upon the illegality or invalidity of the tax, independent of any ground for equitable relief, while in perhaps an equal number it has been held that equity will not interfere by injunction with the collection of a tax which is alleged to be illegal or void, merely because of its illegality, but that jurisdiction depends upon the existence of some recognized ground for general equitable relief, as when the taxpayer is threatened with irreparable injury and has no adequate remedy at law. The latter seems to us to be the sounder rule and the one which has been uniformly followed in the decisions of this court. As we said in *New London* v. *Perkins,* 87 Conn. 229, 234, 87 Atl. 724: "No court of equity will therefore allow its injunction to issue to restrain the collection of a tax, except when it may be necessary to protect the rights of the citizen whose property is taxed from irreparable injury, and when he has no adequate remedy by the process of law." That was an action brought by the city of New London to enjoin the tax collector of Groton from selling for taxes land used by the city of New London as a public landing for its municipally owned and operated ferry. We held that land owned by a municipal corporation in another town, which was by legislative authority made exempt from taxation, was exempt from taxation, which brought the case within the recognized exception to the general doctrine of noninterference by injunction against the collection of taxes, which exists in the case of property which has been exempted by legislative authority from the burdens of taxation. 1 High on Injunctions (4th Ed.)

§ 530. It further appeared in that case that the city of New London was under statutory obligation to keep its ferry in operation, and the levy of this tax would have seriously interfered with the operation of the ferry and caused the plaintiff irreparable injury.

In *Seeley* v. *Westport,* 47 Conn. 294, an injunction restraining a levy on property of the plaintiff for certain taxes was upheld where it appeared that the taxes sought to be collected were assessed against a former occupant of the plaintiff's land, upon that land and other real estate, that it was subsequently determined that such occupant did not have the legal right to this land, and that the town was attempting to collect all the taxes, including those assessed on other property, from the plaintiff's property, and had levied tax warrants thereon for that purpose. In that case, at pages 296 and 298, we said: "We understand the authorities to hold that the tax collector will not ordinarily be interfered with by an injunction so long as he is attempting to collect taxes of the *person* against whom, or the *property* on which, they were assessed; in other words, so long as he is acting within the apparent scope of his authority. . . . In the case before us, the proceedings being neither against the proper person nor the proper estate in any just sense, we must regard them as not within the scope of the collector's powers." The opinion further stated that the facts there appearing presented a "flagrant case" which took it out of the general rule which was stated in *Waterbury Savings Bank* v. *Lawler,* 46 Conn. 243, 246, as follows: "The policy of our law has now become quite well settled, that the extraordinary remedy by injunction cannot be invoked to hinder or interfere with a collector of taxes in the discharge of his public duty, because, to repeat the language of the court in *Arnold* v. *Middletown,* 39 Conn. 406, 'it would inter-

rupt the collection of taxes, one of the most important attributes of the sovereign power, one of its most vital functions. Such an interference might, at times, be dangerous to the safety of the State, and is not to be resorted to except for the most imperative reasons.' "

In the cases of *Dodd* v. *Hartford,* 25 Conn. 232; *Arnold* v. *Middletown,* 39 Conn. 401; *Rowland* v. *First School District of Weston,* 42 Conn. 30, and *Waterbury Savings Bank* v. *Lawler, supra,* this court has refused an injunction to restrain the collection of taxes, and so far as we are aware the only cases in which such an injunction has been granted in this jurisdiction are *Seeley* v. *Westport,* and *New London* v. *Perkins, supra,* in each of which, as we have seen, the facts were so exceptional as to take it out of the general rule.

The facts in the present case are not such as to warrant the interposition of a court of equity to restrain the collection of the tax. Plaintiff claims that the action of the assessors in classifying and valuing his land as "building lots," instead of under his own classification as "house lots" and "land, parcels of farms," etc., was irregular, illegal and not in compliance with the statute. It does not appear that this procedure will result in placing an unjust or excessive valuation upon his property, or that irreparable injury will be done him. His claim is that, regardless of injury to the taxpayer, such method of assessment is illegal and the tax invalid. All the assessors did was to estimate the value of the property in view of its suitability for use as house lots, and we have already held, upon an appeal by this plaintiff from an assessment upon his list for a previous year, that this very method of arriving at the true value of his property was not illegal. *Wilcox* v. *Madison,* 103 Conn. 149, 155, 130 Atl. 84.

Plaintiff also claims that the alias tax warrant issued by the collector was illegal. The alias warrant was in the form provided in Chapter 121 of the Public Acts of 1925, and was served in accordance with the provisions of that Act, the constitutionality of which plaintiff attacks in his argument and brief. The 1925 Act authorizes the tax collector to depute in writing any deputy sheriff or other officer to serve a warrant for the collection of any tax assessed. Section 1291 of the General Statutes, which is amended by the 1925 Act, authorized the collector to make such deputation only when authorized so to do by the selectmen or the mayor of the city in any town, and then only for the collection of taxes on personal property. Plaintiff in his brief asserts that the tax warrant is in its essentials a judicial process in the nature of a final execution, and calls attention to the form of tax warrant given in § 1317 of the General Statutes, which is addressed to the collector and signed by a justice of the peace, a judicial officer. This is the general tax warrant which is the collector's authority for proceeding with the collection of taxes, and authorizes him to levy upon the goods and chattels, or in default thereof the real estate, or to take the body of any person failing to pay his tax. If plaintiff were right in his contention that the original authority for a tax levy, which is in the nature of an execution, must have judicial sanction for its issue, we fail to see why such authority cannot be found in this general tax warrant, nor do we see any reason why the legislature may not directly authorize the collector, acting upon this warrant issued by judicial authority, to deputize a proper officer to make the levy, without first obtaining authority to do so from the selectmen or mayor. A tax warrant is in the nature of an execution, but by long custom and usage here and in other jurisdictions, has issued without any

previous judicial determination of liability. This method of collecting taxes without recourse to the courts is necessary to the full execution of the powers of the executive department of the State, and is not in violation of the division of powers made by the Constitution. 3 Cooley on Taxation (4th Ed.) § 1344; *In re Application of Clark,* 65 Conn. 17, 38, 39, 31 Atl. 522; *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 366, 114 Atl. 104.

We answer questions one and three, yes; questions four and five, no; as to question seven, we answer that the Superior Court may not grant an injunction against the collection or enforcement of the tax. In view of the conclusions reached, there is no need to answer the other questions.

In this opinion the other judges concurred.