This action is in court. Assuming that a temporary injunction in a given case were issued ex parte, it cannot be said that a motion to dissolve may not be treated as a demurrer. A demurrer has been filed to the application for such an injunction. That the granting of a temporary injunction lies in the sound discretion of the court is so fundamental as not to require supporting citation. In this state there is no appeal from the issuance of a temporary injunction. As was said by this court (Inglis, J.), "if a temporary injunction is once issued there is no stay possible and the defendant may *Page 84 
be thereby deprived of his rights without the opportunity of review by the appellate court of the questions of law involved."Boesch v. Johnson Wholesale Perfume Co., 9 Conn. Sup. 110,111. Thus, the main relief sought in the original action would be obtained without a hearing on the merits, and it is alleged in the original complaint that a hearing could not be had on the merits until after the tax bills of the city of Waterbury have been presented for payment (May 1, 1946, due date). Another basic principle involved is that unless the rights of the plaintiff are clear and he is reasonably certain to prevail in the main action a temporary injunction should not issue.
More specifically, this application would enjoin the collection of the entire tax of the city of Waterbury coming due this May. Our Supreme Court has said: "To invalidate the entire grand list of a municipality is an act fraught with very serious consequences."Conzelman v. Bristol, 122 Conn. 218, 226. While action on a temporary injunction is a matter of discretion, that discretion is a legal and judicial one.
There is a wealth of decisions in this state discountenancing the use of injunction against the collection of a tax for mere illegality. Wilcox v. Madison, 106 Conn. 223, 227; New London
v. Perkins, 87 Conn. 229, 234; Dodd v. Hartford, 25 Conn. 232;Arnold v. Middletown, 39 Conn. 401; Rowland v. FirstSchool District of Weston, 42 Conn. 30; Waterbury SavingsBank v. Lawler, 46 Conn. 243, 246. In all of these cases the principle is recognized, and only in the Perkins case, supra, and in Seeley v. Westport, 47 Conn. 294, were there adequate exceptions to the general principle. In the Perkins case exempt property was the subject matter, and in the Seeley case the assessment was against a former owner.
Passing the failure to allege the exceptions which would remove the case from the general rules, and the probability of a remedy at law, there is the very compelling factor of injury to the public and its finances. In such a circumstance, where the harm, loss and inconvenience to the public would be greater than and disproportionate to the injury of one person or a group of persons, the issuance of a temporary injunction, particularly, would constitute an unwarranted exercise of the injunctive remedy and of equitable powers. Mitchell v. SouthernNew England Telephone Co., 90 Conn. 179, 183; O'Connor v.United Casualty Co., 8 Conn. Sup. 270. *Page 85 
In closing, the principle is cogently stated in the case ofWaterbury Savings Bank v. Lawler, supra: "The policy of our law has now become quite well settled, that the extraordinary remedy by injunction cannot be invoked to hinder or interfere with a collector of taxes in the discharge of his public duty, because, to repeat the language of the court in Arnold v. Middletown,39 Conn. 406, `it would interrupt the collection of taxes, one of the most important attributes of the sovereign power, one of its most vital functions. Such an interference might, at times, be dangerous to the safety of the state, and is not to be resorted to except for the most imperative reasons.'"
 The motion to strike the demurrer to the application for temporary injunction and to the prayer for relief contained therein is denied and the demurrer is sustained on the 2d 3d 6th, 8th, 10th and 11th grounds, and the application for order to show cause is also denied.