[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Edward Kwiatkoski, the zoning enforcement officer for the town of Monroe, seeks a temporary and permanent injunction prohibiting the parking or storage of a commercial truck at the defendant's residentially zoned property at 234 Cross Hill Road, Monroe ("Premises"). The truck in question is owned by Gary Johnson, who is self-employed as a trucker with operating authority from the Interstate Commerce Commission. The Premises are located across the street from property which is commercially zoned. The truck has been shored at the Premises for four or five years, does not pose any safety threat, and is not generally visible from the road.
Plaintiff asks the court to issue a temporary injunction based solely on evidence of a zoning violation. He asserts that he does not need to prove irreparable harm and that the court cannot consider any hardship which would result to Gary Johnson from the entry of the temporary injunction.
The principal purpose of temporary injunctions generally is to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. Olcott v. Pendleton, 128 Conn. 292, 295 (1941); Bridgeport Herald v. Lower Fairfield County Newsdealers Assn., Inc., 22 Conn. Sup. 111,116-117 (1960). The issuance of an injunction "is the exercise of an extraordinary power . . ." Scoville v. Ronalter, 162 Conn. 67,74 (1971). "An injunction is a harsh remedy." Leo Foundation v. Cabelus, 151 Conn. 655, 657 (1964).
The requirements generally for a temporary injunction are (1) the establishment of a legal right, which involves a likelihood of success on the merits and the lack of adequate remedy at law and (2) the imminence of substantial and irreparable injury to the plaintiff, considered with the CT Page 8799 weighing of the results on both parties. Conn. Assn. of Clinical Laboratories v. Conn. Blue Cross, Inc., 31 Conn. Sup. 110,113 (1973). In deciding whether to grant or dissolve a temporary injunction the court must balance the results which may be caused to one party or the other. Olcott v. Pendleton, supra at 295.
Plaintiff cites several Connecticut Supreme Court cases which hold that a zoning enforcement officer need not allege nor show irreparable harm in order to obtain an injunction enforcing applicable zoning regulations. Cases such as Johnson v. Murzyn,1 Conn. App. 176 (1984); Farmington v. Viacom Broadcasting, Inc., 10 Conn. App. 190, 197 (1987) and Greenwich v. Kristoff,2 Conn. App. 515, 521 (1984) do so hold. However, the injunction at issue in each of these cases was a permanent injunction issued after a full hearing on the merits. There are no cases of which the court is aware which hold that a zoning enforcement officer need not show irreparable harm in order to obtain a temporary injunction enforcing zoning regulations. Accord, Zoning Commission v. Leninski, 34 Conn. Sup. 66, 69-70 (1976). Conn. Gen. Stat. 8-12, pursuant to which this action is brought, authorizes the institution of an action to prevent or restrain any violation of zoning laws. The statute does not, however, make any specific reference to obtaining a temporary injunction.
There are several sound reasons why the court should not generally issue temporary injunctions in zoning enforcement actions where there is no showing of any particular harm. First, because a temporary injunction is not a final judgment, there is no immediate right of appeal. Olcott v. Pendleton, supra at 294; Board of Education v. Shelton Education Assn.,173 Conn. 81, 88 (1977). The lack of a right of appeal makes the court wary of issuing a temporary injunction because the defendant cannot challenge the ruling or obtain relief from it despite the fact that the injunction may severely harm the defendant.
A second, related reason militating against the issuance of temporary injunctions in zoning enforcement cases without any showing of harm is the fact that issuance of temporary relief may moot the need for permanent relief. In this case, as in many others brought pursuant to Conn. Gen. Stat. 8-12, the relief sought by way of temporary injunction is identical to the permanent injunction sought. Issuance of the temporary CT Page 8800 injunction therefore may very well make moot the permanent relief sought. If the zoning enforcement official obtains all the relief sought in a temporary order which is not appealable, he or she has no need for the permanent relief and no incentive to bring the case to conclusion. Under these circumstances there is a clear opportunity for abuse of the defendant's rights.
Numerous court decisions establish the principle that a temporary injunction should not be granted where the plaintiff's legal rights are not clear or are doubtful. Zoning Commission v. Leninski, supra at 70; Cassidy v. Jenks, 14 Conn. Sup. 83, 84
(1946); Torrington Drive-In Corp. v. Local 402, A.F.L., 17 Conn. Sup. 416,418 (1951). In this case the Monroe zoning official relies on Section 117-301(K-3) of the Monroe Zoning Regulations, which by its terms applies to "commercial or combination registered" vehicles. The vehicle in question in this case is an "apportioned registered" vehicle and the section of the zoning regulation in question does not address such vehicles. The weight limitation of Section 117-301(K-3) also applies only to "commercial or combination registered" vehicles. As a result, it cannot be said on the facts of this case, at this time, that the plaintiff's rights are clear.
Gary Johnson testified at the temporary injunction hearing that after the plaintiff issued an order to remove the truck from the Premises, Johnson filed a variance application with the zoning board of appeals, seeking a variance to permit the parking of his truck on the Premises. Although the variance application was denied, Johnson took an appeal to the Superior Court dated June 1, 1993. The appeal remains pending and has not been decided. This action pursuant to Conn. Gen. Stat.8-12 was filed after the appeal from the decision of the Zoning Board of Appeals.
The court recognizes that the filing of Johnson's appeal from the zoning board of appeals does not bar the zoning enforcement official from bringing this action under Conn. Gen. Stat. 8-12. Planning and Zoning Commission v. Campanelli,9 Conn. App. 534 (1987). However, the pendency of that as yet undecided appeal is another factor to be considered by this court in deciding whether to issue a temporary injunction where there has been no showing of particular harm. As such a factor, it too weighs against the issuance of a temporary injunction because if Johnson were to prevail in his appeal and procure the CT Page 8801 variance, he would have the legal right to continue to park his truck at the Premises. On the facts here, there is no good reason to issue injunctive relief until resolution of the appeal from the zoning board of appeals and a final hearing on the merits of this case.
The traditional balancing of the harms to plaintiff and defendant also is a factor against the issuance of a temporary injunction on the facts of this case. The court should weigh the harm to the plaintiff in not issuing a temporary injunction against the harm to the defendant if the injunction issues. Olcott v. Pendleton, supra at 295; Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985). The plaintiff here has not shown any harm which would result if the temporary injunction does not issue. He admitted his testimony that parking the truck at the Premises does not pose any safety problem, that there have not been any complaints from neighbors, that the truck has been stored at the Premises for several years and that the Premises, although zoned residential, are located across the street from commercially zoned properties. The defendant, on the other hand, will be harmed by the issuance of the temporary injunction. Usage of the truck is necessary to Johnson's livelihood, it will be difficult to locate a site in Monroe where the vehicle can be stored and parking the truck elsewhere than at the Premises will increase the risk of damage to the vehicle, which was purchased several years ago at a cost in excess of $90,000.00. In addition, as stated above, the issuance of the temporary injunction may very well make moot the plaintiff's request for a permanent injunction.
"That the granting of a temporary injunction lies in the sound discretion of the court is so fundamental as not to require supporting citation." Cassidy v. Jenks, supra at 83. In this case the court finds no sound reason supporting the issuance of a temporary injunction at this time. The plaintiff's application for a temporary injunction is denied.
CHRISTINE S. VERTEFEUILLE SUPERIOR COURT JUDGE