[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These are actions brought by the plaintiffs Dr. Richard F. Brodman and Dr. Marny R. Cherkasky, who own and occupy residential real property at 238 Byram Shore Road, Greenwich, against the owners of adjacent property at 240 Byram Shore Road.[1] It appears undisputed that legal title to 240 Byram Shore Road is in the defendant 240 Byram Shore Road Associates, LLC., and the defendant Anthony Tedeschi is a principal in that company. Mr. Tedesehi and Dr. Cea are husband and wife, as are the plaintiffs, Dr. Brodman and Dr. Cherkasky. The court finds the following further facts.
The two adjacent pieces of property lie on the north side of Byram Shore Road with the defendants' parcel lying to the west of that of the plaintiffs. The plaintiffs gain vehicular access to their property by way of an express right-of-way over the defendants' land included in the plaintiffs' deed of conveyance dated and recorded on October 1, 1985. The right-of-way is ten feet wide (although in some areas it may have been paved as wide as 12 feet) and extends northwesterly for a distance of 120 CT Page 3381 feet from Byram Shore Road. Dr. Cea took title to the adjoining premises on April 26, 1999, which premises then contained one house. The premises were subdivided and the existing house demolished. Mr. Tedeschi, a building contractor, built a house for himself and his wife on one of the two subdivided lots, and built what was called a "spec" house on the other lot, being 240 Byram Shore Road, directly adjacent to the plaintiffs and containing the ten foot driveway used by the plaintiffs.[2]
The front entrance of the defendants' house[3] is directly opposite the drivecourt, garages and the front entrance of the plaintiffs' house. The defendants' house is set back only a few feet from the ten foot driveway, the front steps from the defendants' front door lead directly on to the driveway, and are therefore approximately ten feet from the entrance to the plaintiffs' drive-court.[4] Add to this proximity of the parties' houses, a mix of the plaintiffs' insistence on their right to continue what they claim to be the historical use of the common driveway, and the defendants' understandable desire to screen their house from the view of the plaintiffs' drive-court and garages, and you have a simmering brew culminating in this lawsuit.
Some additional facts are necessary to an understanding of the parties' claims. The 120 foot long deeded right-of-way terminates at a point approximately in line with the middle point of the plaintiffs' driveway opening. Therefore, in using the frill width of their driveway opening, the plaintiffs have been required to drive beyond the end of their deeded right-of-way. In fact, the plaintiffs claim they and their invitees, in exiting their drivecourt, have been accustomed, over the years. to back out further down the common driveway in a northwesterly direction, in order to drive head first down the driveway to the public street. The plaintiffs claim a prescriptive easement over the driveway beyond their deeded right-of-way because of the performance of these maneuvers for at least the required statutory period of time. The plaintiffs also claim a prescriptive easement over a portion of the defendants' property for purpose of maintaining a screening hedge on the easterly boundary of the defendants' property along the driveway. The plaintiffs further claim a prescriptive easement over an additional paved area of the driveway approximately two feet in width along the westerly boundary of the deeded right-of-way.
The defendants defend the plaintiffs' claim for temporary injunction on the grounds that the plaintiffs have not proven irreparable harm or an inadequate remedy at law. Defendants also claim the plaintiffs have failed to prove a prescriptive easement for the use of the extended driveway beyond the deeded right-of-way for the purpose of backing vehicles out of the plaintiffs' drivecourt. Defendants further contend that a balancing of the equities requires a denial of the plaintiffs' application for a temporary injunction. CT Page 3382
To prevail in an application for temporary injunction, the plaintiffs must demonstrate that there is a reasonable probability they will be successful on the merits after a full hearing, that in the absence of a restraining order they will suffer irreparable harm without an adequate remedy at law, and that upon a balancing of the equities it is likely that the harm to the plaintiffs if the injunction is not granted will be greater than that to the defendants occasioned by the granting of the order. Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 493 A.2d 229 (1985). "Where an injury is of such a nature that it cannot be adequately compensated in damages, or cannot be measured by any pecuniary standard, it is irreparable. Whether damages are to be viewed by a court of equity as `irreparable' or not, depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered." (Internal quotation marks omitted) Connecticut Association of Clinical Laboratories v. ConnecticutBlue Cross, Inc., 31 Conn. Sup. 110, 113-114, 324 A.2d 288 (1973), quoting New London v. Perkins, 87 Conn. 229, 235, 87 A. 724 (1913). The principal purpose of a temporary injunction is to preserve the status quo
pending a final hearing on the merits. Olcott v. Pendleton, 128 Conn. 292,295, 22 A.2d 633 (1941).
"To acquire a right-of-way by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." C.G.S. § 47-37;[5] Robert S. Weiss Co. v. Mullins, 196 Conn. 614, 618,495 A.2d 1006 (1985); Reynolds v. Soffer, 190 Conn. 184, 187, 459 A.2d 1027
(1983). The court finds that the plaintiffs and their invitees have used the paved portion of the driveway for vehicular access to their property since their acquisition of the premises on October 1, 1985. They used the driveway to gain access to the entrance to their drivecourt for its entire width, even though their deeded right-of-way terminates approximately at the midpoint of the width of the entrance of the drivecourt. On its site visit, the court by measurement and by stipulation of counsel for both parties, present at the site, found the distance from the end of the deeded right-of-way to the northerly end of the plaintiffs' driveway opening to be approximately fifteen feet.[6]
From the evidence presented, the court finds that the plaintiffs made use of this fifteen foot extended portion of the paved driveway to access the entire width of the entrance to their drivecourt. This use has been open, visible, and continuous for at least fifteen years. The plaintiffs never asked permission of the adjoining owners of the servient estate to use either the extended width of the deeded right-of-way or its extended fifteen foot length. Rather, plaintiffs used these areas under a claim of right, believing that their deeded right-of-way included them. See KlarCrest Realty, Inc. v. Rajon Realty Corp., 190 Conn. 163, 459 A.2d 1021
CT Page 3383 (1983). The plaintiffs have proven a prescriptive easement over these portions of the defendants' property.
Testimony in this case made it clear that the defendants or their workmen or other invitees, during the construction of their house, have parked vehicles in the area included in the extended easement, and further, that it is the defendants' intent to install screening, in some form of shrubbery, bushes, trees and/or curbing along their easterly property line for the fifteen foot length of the plaintiffs' prescriptive easement. This will virtually halve the opening of the plaintiffs' drivecourt making entering, exiting and maneuvering in an out of the drivecourt more difficult and substantially more inconvenient. "Injunction is the proper remedy to stop interference with the owners' use and enjoyment of an easement" Gerald Park Improvement Association v.Bini, 138 Conn. 232, 236, 83 A.2d 195 (1951). No remedy at law is adequate to redress the plaintiffs' loss of use and enjoyment of their easement. "A remedy at law, to exclude equity jurisdiction, must be as complete and beneficial as the relief in equity." Berin v. Olson,183 Conn. 337, 342, 439 A.2d 357 (1981). The nature of the plaintiffs' right affected in this case, the loss of enjoyment of land, is a right whose diminishment constitutes irreparable harm since it cannot be adequately compensated in damages nor be measured by any pecuniary standards. New London v. Perkins, 87 Conn. 229, 235, 87 A.2d 724
(1913)[7] Plaintiffs have been using, and continue to use the area of their prescriptive easement, and thus the issuance of a temporary injunction will serve the principal purpose of preserving the status quo until the final hearing on the merits of the case.Olcott v. Pendleton, 128 Conn. 292, 295,22 A.2d 633 (1941).
The defendants request that the court deny injunctive relief to the plaintiffs because the equities of the case do not balance in favor of the plaintiffs. The court finds quite the contrary. The plaintiffs have used the property since 1985, and have always enjoyed the use of the full width of their drivecourt entrance. They have gained a prescriptive easement over the driveway as a result of such use. If the defendants were to install screening where they intend to, the plaintiffs' use and enjoyment of their property would be substantially affected. The defendants purchased their property in 1999; the premises consisted of one lot with one house thereon. The defendants voluntarily subdivided the lot into two, demolished the existing house and built two houses, one on each of the new lots. The defendant, 240 Byram Shore Road Associates, LLC., and Mr. Tedeschi built the "spec" house precisely where they intended it to be, with its front steps approximately ten to twelve feet from the plaintiffs' property, facing garages, drivecourt and the plaintiffs' front door. Any harm accruing to the defendants if they cannot CT Page 3384 screen their view of the plaintiffs' property must have been anticipated before or when construction was begun. The defendants contend that if the injunction is granted, and the defendants are enjoined from installing the desired screening, they will be unable to sell their house to a buyer. They state in their brief in opposition to the temporary injunction "that the act to be enjoined is the planting of a handful of bushes". Defendants's brief, p. 8. The court, after viewing the premises, finds it hard to accept the contention that "a handful of bushes" can mean the difference between selling or not selling the defendants' house. On the other hand, the same "handful of bushes" will clearly cause the plaintiffs to lose the enjoyment of their land to which they have become entitled. The court finds that injunctive relief is compatible with the equities of this case. Moore v. Serafin, 163 Conn. 1,5, 301 A.2d 238 (1972).
Based on all the evidence as analyzed above, the court finds that there is a reasonable probability that the plaintiffs will be successful on the merits after a full hearing on the permanent injunction, and therefore will issue a temporary injunction. However, the parameters of the relief to which the plaintiffs are entitled must be addressed.
In addition to the fifteen foot easement described herein, the plaintiffs claim a prescriptive easement in still a further northwesterly direction over the paved driveway, because it is claimed that delivery trucks, guests, and other invitees have, over the fifteen year statutory period, backed their vehicles thereon, in order to face forward when exiting the common driveway to the street. However, insufficient evidence was presented at the hearing as to the bounds of the prescriptive easement claim beyond the first fifteen feet from the end of the deeded right-of-way. The only evidence was Dr. Cherkasky's testimony that the plaintiffs use the area up to the letter "D" in the word "Driveway" on a map, Exhibit A in evidence.[8] There was no evidence sufficient for the court to determine the boundaries of this additional easement area claimed by the plaintiffs. The map in question contains no dimensions or scale to assist the court. "A prescriptive easement cannot be acquired unless the use defines its bounds with reasonable certainty." Kaiko v.Dolinger, 184 Conn. 509, 511, 440 A.2d 198 (1981). The plaintiffs failed to do so at this preliminary hearing.
Although the deeded right-of-way of the plaintiffs is ten feet wide, they claim a prescriptive easement over the full width of the paved common driveway, to a width of approximately twelve feet. However, there was no evidence that the defendants have prevented, or intend to prevent the plaintiffs from using the common driveway for its full width. Thus, there is no conduct to be enjoined at this time. CT Page 3385
There was some evidence that the defendants intent to install a Belgian block curb along the easterly boundary of their property which the plaintiffs claim will require the defendants to cut back a screening hedge which hangs over the defendants' property and to which the plaintiffs claim a prescriptive easement. There is no evidence as to the nature and extent of the harm which would be caused the plaintiffs by this activity, nor was the issue sufficiently briefed by the plaintiffs to enable the court to find irreparable harm or the other elements necessary for the granting of a temporary injunction. In addition, it can be reasonably assumed that the defendants will not so narrow the common driveway so as to be detrimental to the interest of any future buyer of their "spec" house.
In conclusion, and for all the reasons set forth, the court issues a temporary injunction prohibiting the defendants, Byram Shore Road Associates, LLC., its principals, agents and employees, from blocking with motor vehicles or other obstacles the plaintiffs' deeded right-of-way and the northwesterly extension thereof for a distance of fifteen feet; and from placing shrubbery, bushes, curbing, trees or other obstacles at any point in the said fifteen foot prescriptive easement area so as to block the plaintiffs' existing access to their drivecourt for its full width. For good cause shown, the court orders that no bond is required of the plaintiffs.
So Ordered.
D'ANDREA, J.