## GEORGE E. BOESCH ET AL.
### *vs.*
## JOHNSON WHOLESALE PERFUME CO., INC.

Superior Court          Hartford County          File No. 64389

MEMORANDUM FILED FEBRUARY 10, 1941.

*Cornelius D. Shea,* of Hartford, for the Plaintiffs.

*Herman M. Levy,* and *Campner, Pouzzner & Hadden,* of New Haven, for the Defendant.

INGLIS, J. This is an application for a temporary injunction restraining the defendant from selling at retail any commodities bearing trade marks, brands or names covered by fair

trade contracts in Connecticut at prices less than those stipu-
lated in such contracts. The application is made in an action
instituted by five retail druggists, all doing business in Hart-
ford. The complaint in the action alleges that two specific
sales, to wit: one of Empirin tablets, which are trade-marked
goods produced by Burroughs Wellcome & Co., and one of
Kodak film produced by The Eastman Kodak Co., were made
by the defendant at less than list prices. The complaint does
not allege that the defendant has sold any other commodities
which are in "fair trade" for less than list nor that it has
threatened to make sales in violation of the Fair Trade Act
in the future.

This is the third of a series of actions brought against this
defendant, all seeking substantially the same relief. The first
of this series was brought by Burroughs Wellcome & Co.,
and was made returnable to the Superior Court for Hartford
County. In that action an application for a temporary in-
junction made to Hon. John Rufus Booth was denied. The
second of the series was instituted by The Eastman Kodak
Co., and was brought to the United States District Court for
the District of Connecticut. That case has been heard but
not decided. This case, brought as it is by five retailers but
with the very obvious assistance of the two plaintiffs in the
other actions, is instituted partly to overcome certain difficul-
ties arising in the other two cases, but primarily, it would ap-
pear, so that the interested parties could have another try at
getting immediate relief by way of temporary injunction which
relief has been denied them to date in the other actions.

It is fundamental that the granting of a temporary injunc-
tion lies in the sound discretion of the court, but that, in any
event, a temporary injunction should not be issued unless the
rights of the plaintiff are clear and it is reasonably certain that
in the end he will prevail in the action. 28 *Am. Jur. Injunc-
tions* §14. This is particularly true in this State where no ap-
peal from the issuance of a temporary injunction is permitted.
When a permanent injunction is adjudged by the Superior
Court and an appeal to the Supreme Court of Errors is taken
it is possible if any serious questions of law are involved to
stay the injunction pending the appeal. But if a temporary
injunction is once issued there is no stay possible and the de-
fendant may be thereby deprived of his rights without the
opportunity of review by the appellate court of the questions
of law involved.

In the present case the rights of the plaintiffs to an injunction are far from clear. There are many questions of law involved in the case which make the final outcome of the litigation far from certain. Without detailing all of these questions it will be adequate to point out one or two of them.

The first question is a constitutional question. The constitutionality of the Fair Trade Act as a whole has never been passed upon by our Supreme Court. The questions of constitutionality of this Act are quite different from those connected with the Unfair Sales Practice Act passed upon in *Carroll vs. Schwartz,* 127 Conn. 126, because in order to constitute a violation of the latter, there must be present an express intent to injure competitors or destroy competition. It is probable, in the light of cases in other jurisdictions and, in particular, in the light of *Old Dearborn Distributing Co. vs. Seagram-Distillers Corp.,* 299 U.S. 183, 81 L. ed. 109, that our Supreme Court will hold the statute constitutional in so far as it creates a right in the owner of a trade mark and good will to prevent the sale of its products for less than the fixed price. However, those cases justify the fair trade acts on the ground that they are for the protection of the good will of the owner of the trade mark, and the retailer is selling, not the commodity alone, but the reputation of the trade mark. As is said in the *Old Dearborn Distributing Co.* case, at page 195: "It [the Fair Trade Act of Illinois] interferes only when he sells with the aid of the good will of the vendor; and it interferes then only to protect that good will against injury. It proceeds upon the theory that the sale of identified goods at less than the price fixed by the owner of the mark or brand is an assault upon the good will, and constitutes what the statute denominates 'unfair competition'."

In the present case the plaintiffs are not the owners of the trade marks or good will. They expressly claim that their cause of action is purely statutory. In order to avoid difficulties which the owners of the trade marks ran into in their cases against this defendant, the plaintiffs here take the position that their cause of action is in no sense derived from the owners of the trade marks by way of their fair trade contracts with those producers. They cannot very well maintain, therefore, that they have any property right in the trade marks or good will of the producers acquired by virtue of those contracts. Accordingly, their position must be that the statute alone creates in them a right to compel others to sell goods,

which those others own, at fixed prices and that, without such sale being in any sense an assault upon any good will which they own, because they do not own any. It may well be contended that a statute which would permit one retailer to fix the price at which commodities in which he has no property right are to be sold by another retailer and permit him to enforce his edict by an action in equity is a price-fixing statute and therefore unconstitutional.

Whether or not the Fair Trade Act is constitutional in that regard, it is not necessary to decide here. It is enough to appreciate that there may be some question about its constitutionality and therefore some substantial question as to the right of the plaintiffs to maintain this action.

At least one other doubt arises by reason of the claim of the defendant that these plaintiffs do not come into equity with clean hands. The evidence seems to be clear that at least three of the plaintiffs have, on occasion, themselves sold commodities which were in "fair trade" for less than the fair trade list prices on those commodities. They have made those sales in competition with the defendant. It may well be that on final hearing of the case the court will conclude such violation of the very statute upon which they rely is unfair competition against the defendant and therefore is inequitable conduct upon their part in connection with the same subject matter and to such an extent that they are not entitled to the equitable remedy of injunction.

With these substantial questions and others involved in the case, it is clear that it would not be a proper exercise of discretion to issue a temporary injunction.

The application for a temporary injunction is denied.