ROBERT MELE
*vs.*
HIGH STANDARD MFG. CO., INC.

Superior Court      New Haven County      File No. 65259

MEMORANDUM FILED JULY 14, 1944.

*John A. Mele* and *Louis Feinmark*, of New Haven, for the Plaintiff.

*Maguire, Walker & Middleton*, of Stamford, for the De-fendant.

INGLIS, J. The plaintiff was formerly an employee of the defendant. He has instituted this action to enforce an award made by arbitrators in his favor.

It appears that a contract existed between a labor union of which the plaintiff was a member and the defendant which provided among other things that the defendant would not discharge any of its employees except for just cause and that any discharge which was claimed to be not for just cause should be considered a grievance. The contract further provided that when a grievance arose between an employee and the company, if it could not be settled by some one of three stages of conferences it should be submitted to arbitration.

The plaintiff was discharged by the defendant on October 23, 1943. The plaintiff challenged the propriety of this discharge, and all of the other methods for settling grievances having failed, it was agreed in writing on or about February 9, 1944, between the union and the defendant company "to arbitrate Mr. Mele's case under the new procedure." The arbitrators were selected, but other than as just stated there was no written submission defining the issues to be decided by them. On May 9, 1944, the arbitrators, acting by a majority, made their award, which was in effect that the company should pay the plaintiff $716 on account of lost pay and should reinstate him as an employee. The plaintiff is now asking for a temporary "mandatory injunction requiring the defendant to reinstate him as an employee with no loss of any of his privileges, seniority rights, etc."

The first contention made by the defendant is that the award of the arbitrators goes outside of the question submitted to them. As stated above, these issues were not defined in writing. At the hearing before the arbitrators the attorney for the defendant stated the issue to be: "whether there was just cause on the company's part by reason of what had happened on Saturday afternoon to discharge him (Mele)." This statement of the issue was not disputed by the plaintiff or the union until the matter got to the argument stage. By that time it had appeared that although Mele had been discharged on Saturday, October 23, there was some evidence that he had been reinstated on October 24, and again discharged on October 26. Apparently the union representatives surmised that the arbitrators would conclude that Mele's conduct in attacking his foreman on the 23rd was just cause for discharge

on that day but that the subsequent conduct of the company would act as an estoppel or a waiver to prevent its insisting on that discharge. Accordingly, they then contended that the submission included the question as to whether the discharge of Mele on either the 23rd or 26th was justified. The defendant now claims that the arbitrators made their award on the basis contended by the union. Such, however, does not appear to be the case. For, although the majority of the panel, conceding that Mele's assault on the foreman justified his dismissal, base their award in his favor on a finding of waiver or estoppel against the company, it is not the conduct of the company after the 23rd which they find operates as a waiver or estoppel. What they find is that the conduct of the company in letting Mele work out the nearly eight hours of his shift on the 23rd prevents the company from having just cause to discharge him, as it did, at the end of his shift on the 23rd. Thus, very adroitly, the arbitrators bring their award within the terms of the submission to which even the company agrees, which limits the inquiry to the events of the 23rd.

Parenthetically, it might be observed that this situation points up one of the weaknesses of the usual arbitration procedure. It is expected, of course, that such procedure shall be informal. But unless some method is devised comparable to the pleadings in an action in court whereby the issues are framed and each party is fairly apprized as to what questions he is to produce evidence on, not only must arbitrators be frequently at a loss to know what questions they must decide but also sometimes injustices may result.

However that may be, so far as the present hearing is concerned it cannot be concluded that the arbitrators went outside of the issue submitted to them.

The defendant makes the further contention that even though the plaintiff may have a cause of action founded on the award, nevertheless the remedy of a temporary mandatory injunction is not open to him. This contention has merit.

It is of course fundamental that the function of a temporary injunction is to keep matters in *statu quo*. Ordinarily, therefore, a temporary mandatory injunction will not be issued because that changes the *status quo*. Such a temporary injunction will be issued only in extraordinary cases where it in reality maintains the *status quo ante* or where the failure to issue it will cause unusual hardship, and then only where it appears that

the plaintiff is clearly entitled to a permanent injunction to a like effect. In the present case it does not appear that the plaintiff is clearly entitled to a mandatory permanent injunction enforcing the award, and that for at least two reasons. ·

The first of these reasons is that this case is one which involves and grows out of a labor dispute, as that is defined in section 1420e of the 1939 Supplement to the General Statutes. The dispute here is a "controversy concerning terms or conditions of employment" and is between an employer and an employee.

Section 1421e of the 1939 Supplement to the General Statutes provides: "No court shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute from doing, whether singly or in concert, any of the following acts: (a) Ceasing or refusing to perform any work or to remain in any relation of employment. . . ." Clearly the purpose of the injunction sought in this action is to prohibit the defendant from refusing to remain in a relation of employment with the plaintiff. It is true that the statute precludes injunctions which "prohibit" the refusal to remain in a relationship of employment and that the injunction here sought is, in form, mandatory rather than prohibitory. That, however, is a mere matter of form and not of substance. The statute is directed at the substance of the injunction, not the form. And here, clearly what the plaintiff is asking is an injunction which will in effect preclude the defendant from continuing to refuse to keep the plaintiff in its employ. Such an injunction is one which, the statute says, the court has no jurisdiction to issue.

The second consideration which makes it extremely unlikely that a permanent injunction will issue in this case is that the plaintiff's cause of action is, in essence, based upon a contract for personal services. Although the plaintiff is suing on the award of arbitrators, his real cause of action rests back on his contract of employment, which provides that he shall not be discharged except for just cause. The submission to arbitration of the dispute which had arisen between him and his employer was nothing more than a move in the enforcement of the contract of employment, which move was contemplated by that contract. The award of the arbitrators, at least so far as this

action is concerned, does not have the effect of a judgment. It was merely a finding that the defendant had not performed its end of the contract and in order to perform it must re-instate the plaintiff in its employ. If, now, the defendant elects not to comply with the award, it, presumably, is breach-ing its contract with the plaintiff. But the contract which it is breaching is a contract of employment.

It is firmly established in our law that where a contract of employment provides for services which are material or mech-anical or are not peculiar or individual, the contract will not be enforced by injunction or specific performance, but the party injured by a breach will be left to his action for damages. *Wm. Rogers Mfg. Co. vs. Rogers,* 58 Conn. 356, 363. This rule applies whether it be the employer or the employee who is seeking the equitable relief, that is, whether the promise which has been broken is one to render personal service or one for employment and supervision. *Restatement, Contracts,* §379. The reasons for the refusal of equity to intervene to enforce such contracts seem to be at least two in number. The first is that it would be extremely difficult to compel compliance with the terms of such a contract by court order. The second is that the injured party, particularly if he is the employee, can be adequately compensated by damages.

The contract involved in this case is one which is peculiarly within the rule. It is a contract for services of a mechan-ical nature. If there has been a breach of the contract by the defendant, the plaintiff is entitled to damages, to be measured by the amount of compensation which he would have received if the contract had been performed by the de-fendant, less what in reason he could earn elsewhere. If governmental regulations are such that he is precluded from taking employment elsewhere without forfeiting his availability to resume his work for the defendant and thereby terminating his contract with the defendant, the law would hardly require him to minimize his damages by taking such employment. It is true that the term of his employment under the contract may be somewhat indefinite and that, therefore, it will be dif-ficult to determine for what period the defendant is bound to pay him wages. That, however, is a weakness of the contract which it would be just as difficult to obviate in equity as it is in law. If the term for which the contract is to run is too in-definite to make the contract enforceable, the contract gives

the plaintiff no right either to damages or equitable relief. If the term of the contract is definite, the plaintiff is entitled to damages for breach of the contract measured by the length of that term, whatever that may be. And in any event such damages will be an adequate remedy.

In view of these considerations it is apparent that it is far from being certain that the plaintiff will be entitled to a permanent mandatory injunction as prayed.

The application for a temporary injunction is therefore denied.