CARL BECK ET AL. *v.* BOARD OF TRUSTEES OF THE
STATE COLLEGES ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 195452

Memorandum filed June 9, 1975

*London, Michalik & Lynch* and *Satter, Fleisch-mann & Sherbacow,* for the plaintiffs.

*Carl R. Ajello,* attorney general, and *F. Michael Ahern, Bernard F. McGovern, Jr.,* and *Charles A. Overend,* assistant attorneys general, for the defendants.

PARSKEY, J. The plaintiffs seek a temporary injunction prohibiting the defendants from amending, repealing, or altering present employment procedures and personnel policies and from adopting and implementing proposed new employment procedures and personnel policies. The plaintiffs are faculty members of certain state colleges and collegial institutions. The defendants are the Board

of Trustees of the State Colleges, hereinafter referred to as the Board, and its individual members. The plaintiffs claim that the proposed new procedures and policies, which threaten their present or future rights as tenured faculty members, are invalid under the provisions of the Uniform Administrative Procedure Act, hereinafter referred to as the UAPA, General Statutes §§ 4-166 to 4-189.

On April 11, 1975, the Board adopted new personnel policies respecting faculty members. A copy of those policies has been received in evidence and marked as an exhibit. Those policies worked substantial changes in policies theretofore in effect. The effect of those changes, which the parties stipulate were not adopted in compliance with General Statutes §§ 4-167 to 4-170, was to alter in a material way the terms and conditions of employment of faculty members at the several state colleges. The plaintiffs claim that their rights and the rights of those similarly situated are affected by those changes, that the new policies constitute a "regulation" within the meaning of General Statutes § 4-166 (7), and that, since those policies were not adopted pursuant to the provisions of the UAPA, their implementation should be enjoined. The Board denies that it is a state agency as defined by the UAPA in that it is not authorized by law to adopt regulations or decide contested cases. It also denies that the new policies constitute a regulation in that they come under the internal management exception in the definition. The threshold question then is the appropriateness of the extraordinary remedy of injunction under the circumstances of this case. Obviously, if the UAPA does not apply to the Board or if the new policies are not a regulation, there is no basis for injunctive relief.[1] It is,

---

[1] Public Acts 1975, No. 75-529, effective July 1, 1975, exempts the state system of higher education from the UAPA.

however, unnecessary to decide those questions in order to dispose of the present application because, even if the plaintiffs are correct in their claim that the UAPA applies to the Board, that would not furnish a sufficient basis for the issuance of an injunction.

It is a well-established and sound principle of law that, when an administrative remedy is provided by law, that remedy must be exhausted before resort can be had to the courts. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53. In this case the plaintiffs base their claim for relief on the applicability of the UAPA to the "regulation" in question. Although that claim is not so clear, nevertheless, having chosen the UAPA's substantive cake, the plaintiffs must take its remedial frosting. The UAPA not only establishes rules for the adoption of regulations but also provides procedures for their reviewability. In the first instance, a petition requesting a declaratory ruling respecting the applicability of a particular regulation is to be made to the agency itself. General Statutes § 4-176. The agency has discretionary authority to issue such rulings. Rulings disposing of the petition are given the same status as agency decisions or orders in contested cases and are therefore subject to judicial review by petition to the Court of Common Pleas. General Statutes § 4-183. Failure of the agency to exercise its discretionary authority to issue a declaratory ruling permits the petitioner to institute an action in the Court of Common Pleas for a declaratory judgment respecting the validity or applicability of the regulation in question. General Statutes § 4-175. The UAPA thus provides a comprehensive, potentially inexpensive, and completely adequate method of resolving the issues raised in the present application. Although the plaintiffs claim that their future status at the several colleges is threatened by the

adopted "regulation," there has been no showing that their positions will be jeopardized by resort to the procedures provided by the UAPA.

While it is true that the granting of an application for a temporary injunction rests in the sound discretion of the court; *Boesch* v. *Johnson Wholesale Perfume Co.,* 9 Conn. Sup. 110, 111; and that General Statutes § 4-183 does not preclude its issuance, when one considers that courts should exercise extreme caution where the granting of injunctive relief will result in embarrassment to the operation of government; *Wood* v. *Wilton,* 156 Conn. 304, 310; and that such relief should not be granted where legal rights are not clear; *Holt* v. *Wissinger,* 145 Conn. 106, 115; where other remedies both administrative and judicial are not only available but should be encouraged, and where there has been no showing that immediate injunctive relief is required to protect the employment rights of the plaintiffs and those similarly situated, the case for the exercise of the court's discretion in this instance fails.

Accordingly, the application for the issuance of a temporary injunction is denied.