ALVIN GREENBERG ET AL. *v.* HOSPITAL OF ST. RAPHAEL AND YALE–NEW HAVEN HOSPITAL

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 103401

Memorandum filed April 10, 1976

*Penczer & Willard,* for the plaintiffs.

*Wiggin & Dana,* specially appeared for the defendant Yale-New Haven Hospital.

*Walter W. Walsh,* specially appeared for the defendant Hospital of St. Raphael.

LEONARD W. DORSEY, J. The plaintiffs, three physicians and Temple Street Associates, a limited partnership, seek injunctive relief to restrain both the defendants, two New Haven area hospitals, from proceeding with the development, institution and offering of a surgery service which would provide for ambulatory surgery care including general anesthesia of a nature not requiring overnight hospitalization. The plaintiffs had applied to the Connecticut commission on hospitals and health care, hereinafter referred to as the CHHC, for permission, inter alia, to provide that type of surgery service in connection with their construction of the Temple Medical Building and the programming of units to be contained in that facility. The CHHC adopted the finding of its hearing panel and

on October 28, 1975, with respect to that portion of the plaintiffs' application, rendered its decision denying the application. The plaintiffs appealed from the action of the CHHC and that appeal is presently pending in this Court of Common Pleas. It is principally the language of that decision of October 28, 1975, together with the subsequent development and offering of those services by the defendants, without any attendant application to the agency for permission to do so, which gives rise to this present action. The relevant language of the decision is as follows: "It is the decision of the hearing panel that the laboratory and radiology components of the Temple Medical Building be approved as submitted and that the surgicenter component be denied. In the denial, however, is the condition that, if within 120 days of the final Commission decision, none of the New Haven hospitals have expanded their programs for ambulatory surgery, to include general anesthesia, at rates comparable to those proposed by this surgicenter's application, without hospital room costs, and which is acceptable to the staff surgeons and to this Commission; a reapplication of the free standing surgicenter would be welcome."

After the decision was announced and the appeal taken, the defendants, apparently in response to the decision, planned or developed or have, in fact, commenced to offer those surgery services at their respective institutions. The defendants, after rendition of the decision by the CHHC submitted their proposals to that agency and apparently are now providing those surgery services or are well on their way to final development of a plan or program to provide them. The plaintiffs, in protest to the on-going program development by the defendants, have made written objection to the CHHC. They claim that the defendants are instituting a "new

service" which, under § 19-73*l* of the General Statutes[1] requires an application, hearing and agency permission.

Since the agency has taken no action with respect to the plaintiffs' objection, the plaintiffs have instituted this action, claiming it to be ancillary to the appeal already taken and made necessary by the refusal of the CHHC to stop the continued action by the defendants, in programming, developing or offering the surgery services, until such time as their appeal has been finally decided. The plaintiffs claim that this relief is necessary to their full protection, that there is statutory permission for such action, and that they have no other or further administrative remedy.

Each defendant has filed a plea in abatement. Collectively they claim that this court is without jurisdiction of the subject matter. It is their claim that the plaintiffs' exclusive remedy is by petition for review under § 4-183 of the General Statutes and that the plaintiffs have failed to exhaust their administrative remedies. In general, the question to be resolved is whether the Uniform Administrative Procedure Act, hereinafter referred to as the UAPA, of chapter 54 of the General Statutes, pro-

---

[1] "Sec. 19-73*l*. REQUESTS FOR APPROVAL OF NEW FUNCTION OR SERVICE. Any health care facility or institution which intends to introduce any additional function or service into its program of health care, other than such laboratory procedures or social services as the commission, by regulation, may exempt, shall at least ninety days prior to the proposed date of institution of such function or service, submit to the commission a request for permission to undertake such function or service. The commission shall make such review of the proposal as it deems necessary, including ascertaining the availability of such service or function at other health care facilities or institutions within the area to be served, the need for such service or function within such area and any other factors which the commission deems relevant to a determination of whether the facility or institution is justified in introducing such additional functions or services into its program and shall grant or deny such request within ninety days of the receipt thereof. . . ."

vides for, and limits and defines the plaintiffs' rights of action at this stage of the proceedings. That question is answered by the court in the affirmative.

The plaintiffs have failed to exhaust their administrative remedies. If, as the plaintiffs claim, the services are a "new service" necessitating a hearing under § 19-73*l*, it should be apparent to them that the CHHC is not of that same mind. That being so, the plaintiffs should resort to §§ 4-175[2] and 4-176[3] of the General Statutes, which together provide the plaintiffs with complete and adequate remedy at this stage of the proceeding. If there were some question that the October 28 decision of the CHHC needed some clarification on the subject of whether, as to the defendants, the surgery services are "new services" under § 19-73*l*, the plaintiffs may seek from the CHHC a declaratory ruling on the question, of the "applicability of the . . . order in question."

If the CHHC, under § 4-176, fails to exercise its discretion to issue such a ruling, then the plaintiffs

---

[2] "Sec. 4-175. DECLARATORY JUDGMENT ACTION TO DETERMINE VALIDITY OR APPLICABILITY OF REGULATION. The validity or applicability of a regulation or order of an agency may be determined in an action for declaratory judgment brought in the court of common pleas for Hartford county, if the regulation or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may not be rendered unless the plaintiff has requested the agency to pass upon the validity or applicability of the regulation or order in question, pursuant to section 4-176, and the agency has either so acted or has declined to exercise its discretion thereunder."

[3] "Sec. 4-176. DECLARATORY RULINGS. Each agency may, in its discretion, issue declaratory rulings as to the applicability of any statutory provision or of any regulation or order of the agency, and each agency shall provide by regulation for the filing and prompt disposition of petitions seeking such rulings. If the agency fails to exercise its discretion to issue such a ruling, such failure shall be deemed a sufficient request by the plaintiff for the purposes of section 4-175. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases."

have recourse to § 4-175 as set forth in the footnote. The action to which the plaintiffs would then be entitled would be a different action from that which the plaintiffs bring in this case. The most important difference, of course, would be that the agency, the CHHC, would be a party and that would have the necessary and desirable result that the agency clothed with the responsibility and the competence in this field would be before the court.

The plaintiffs do not dispute that it is necessary for them to exhaust their administrative remedies first. They argue, however, that they have no further remedies. The plaintiffs first claim that § 19-73*l* of the General Statutes is applicable; that is, they say that the defendants are implementing a "new service" requiring the CHHC approval after a hearing. They dispute that which the defendants assert, namely that they, the defendants, already have agency approval by virtue of the October 28 decision. That approval, the defendants say, is found in the plain language of the decision and the logical inferences to be drawn therefrom. As to that, the plaintiffs claim that the defendants were not parties, but merely intervenors, with respect to the hearing that led to the October 28 decision. In a paragraph of their complaint, they allege to the contrary. They conclude that since the defendants were not parties, the CHHC not only did not, but could not, adjudicate the defendants' rights in the matter. The plaintiffs' claim is that since the defendants were not parties, then the decision of October 28 was no order which could be the subject of a request for a declaratory ruling or judgment under §§ 4-175 and 4-176.

The whole question as to whether the defendants were actually parties to the hearing on the plaintiffs' application is in dispute. The defendants

claim they were, and the defendant St. Raphael claims to have actually participated at the hearing. Both the questions as to whether, as to the defendants, the surgery services are "new services" and therefore falling within the purview of § 19-73*l* and as to whether the defendants were "parties" to the plaintiffs' application proceedings are properly questions which could and should be subject to declaratory rulings by the CHHC under § 4-176 and thereafter, if the plaintiffs desire to pursue the matter, subject to a declaratory judgment under § 4-175.

The UAPA affords the plaintiffs all the remedies they need for complete relief. The plaintiffs' proceeding in the present action is an attempt to by-pass the statutes and regulations adopted thereunder. The result, if permitted, would be to affect the orders or judgments of the CHHC in a separate action to which it is not even a party.

The plaintiffs do not dispute that it is necessary for them first to exhaust their administrative remedies. There is no apparent dispute that the CHHC is an agency within the purview of the UAPA. When an administrative remedy is provided by law, relief must be sought by exhausting that remedy. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53; *Beck* v. *Board of Trustees of the State Colleges,* 32 Conn. Sup. 153. The Connecticut Supreme Court said in *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33: "We have frequently held that when a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53 . . . ; *State Water Commission* v. *Norwich,* 141 Conn. 442, 447 . . . ."

The provisions of the UAPA apply and provide the plaintiffs adequate and exclusive remedy. This court does lack jurisdiction of the subject matter of this action.

The separate pleas in abatement are sustained.