ZONING COMMISSION OF SACHEM'S HEAD ASSOCIATION
*v.* STEVEN LENINSKI

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE NO. 106333

Memorandum filed August 27, 1976

*Childress & Duncan,* for the plaintiff.

*Robert Mirto,* for the defendant.

NORTON M. LEVINE, J.    The present application was initiated by the plaintiff in an attempt to enjoin the defendant, both temporarily and perma-

---

nently, from erecting certain signs on his property and from opening to the public an area of a beach owned by him.

The plaintiff association exists pursuant to certain special acts of the General Assembly which initially were enacted in 1921 and thereafter were amended in 1931 and 1935. The parcels within the jurisdiction of the plaintiff lie within the town of Guilford. The present injunction action was based on alleged violations of a zoning ordinance of the plaintiff association which became effective December 1, 1970.

The defendant owns residential property situated within the jurisdiction of the plaintiff. His premises consist of two pieces divided by a public highway known as Falcon Road, which runs generally east and west at the division line. That portion of the defendant's premises north of Falcon Road is improved with four structures, each of which has been used as a summer dwelling. The piece south of Falcon Road is bounded on the south, to the extent of about 219 feet, by Long Island Sound; on the west by land of others; and on the east by a parcel owned by the plaintiff association.

The beachfront area owned by the defendant consists of rocky portions at the westerly end and a stretch of sand at the easterly end. On the southerly line of Falcon Road there is a retaining wall. Measurements were taken to determine the mean high water mark on the defendant's premises relative to Long Island Sound. The depth of the defendant's parcel above the mean high water mark varied from eleven feet at its narrowest point to eighteen and one-half feet at its widest point.

Both pieces of the defendant's property are located within a "Residence A" zone pursuant to

the plaintiff's zoning ordinance. In a "Residence A" zone the principal uses permitted are single family dwellings and "2. Private parks, beaches and docks."

On or about May 11, 1976, the defendant erected in front of the most southerly dwelling on his premises a large sign which stated, "This beach is now open to the public." The defendant later placed on that dwelling two signs which read, "Beach open to the public," and two additional signs reading, "Park," and "Swim at your own risk." Those signs were visible to members of the general public traveling on Falcon Road.

Initially, the defendant's residential tenants used his beach. Next, the defendant admitted that he intended to invite members of the general public to use his beach without fee. He offered two reasons for his conduct. First, he stated that he was extremely grateful to the town of Guilford, and its residents, because he had become prosperous by virtue of investments within the town. Next, the only public beach in Guilford, according to the defendant, is Jacob's Beach. Jacob's Beach is very small and is covered with oil.

The defendant received a letter dated July 9, 1976, from F. J. Kingsbury, the plaintiff's zoning enforcement officer, claiming that the signs posted by the defendant and the alleged opening of his beach to the general public constituted a violation of the zoning ordinance. When the defendant did not comply with the plaintiff's cease-and-desist order, the present action was commenced. In it the plaintiff sought a temporary injunction, in addition to other relief. During the hearing, the defendant agreed to remove the signs, and consented to a temporary injunction against erecting, or causing to be erected, on his property any signs which did not conform to the zoning ordinance. Thus, the sole

remaining issue is that portion of the temporary injunction in which the plaintiff seeks to prohibit the defendant from causing or permitting his beach to be open to, or used by, the public.

At the outset, the plaintiff concedes that it lacks zoning jurisdiction over that portion of the defendant's beach property which lies between the mean high water mark and the mean low water mark. *State* v. *Knowles-Lombard Co.,* 122 Conn. 263, 265. Thus, the present controversy narrows down to the defendant's alleged "public use" of that strip of his beach above the mean high water mark containing the limited dimensions described above.

The application for a temporary injunction relative to the beach lacks merit based on the reasons appearing hereinbelow.

Several general observations on the terms and conditions of injunctive relief are appropriate. The granting or denial of an injunction is within the sound discretion of the court under recognized principles of equity. *Nicoli* v. *Frouge Corporation,* 171 Conn. 245, 247; *Schomer* v. *Shilepsky,* 169 Conn. 186, 194; *Moore* v. *Serafin,* 163 Conn. 1, 6; *Scoville* v. *Ronalter,* 162 Conn. 67, 74; *Lebanon* v. *Woods,* 153 Conn. 182, 195. This rule applies with special force when the application is one for a temporary injunction in advance of a plenary trial on the merits. *Olcott* v. *Pendleton,* 128 Conn. 292, 295; *Beck* v. *Board of Trustees,* 32 Conn. Sup. 153, 156; *Hopkins* v. *Hamden Board of Education,* 29 Conn. Sup. 397, 417.

Relative to its claims of law herein, the plaintiff has urged that since a zoning violation is asserted it does not have to establish irreparable injuries or lack of other legal remedies as a condition to obtaining a temporary injunction. The plaintiff relies on General Statutes § 8-12; *Guilford* v.

*Landon,* 146 Conn. 178, 179–80; and 42 Am. Jur. 2d, Injunctions, § 38, p. 776. No Connecticut case examined by the court specifically supports that argument. Even if it is assumed, although not conceded, that this rule may apply in Connecticut, the plaintiff nevertheless encounters a number of formidable obstacles to injunctive relief at this stage of the proceeding.

Initially, it is settled that a temporary injunction is an extraordinary remedy. *Mele* v. *High Standard Mfg. Co.,* 13 Conn. Sup. 47, 50. It should not be granted where, among other things, the plaintiff's "legal rights are not clear"; *Beck* v. *Board of Trustees,* supra, 156; or are "doubtful." *Pocket Books, Inc.* v. *Walsh,* 204 F. Sup. 297, 299 (D. Conn.).

As noted previously, the plaintiff's basic claim is that the defendant's conduct in inviting certain persons, without apparent limitation, to use his beach is in violation of the zoning ordinance. The schedule appended to the ordinance merely describes one of the permitted uses as "private parks, beaches and docks." The ordinance, however, makes no attempt whatsoever to define "private," or to state with precision the line of demarcation between "private" and "public."

Thus, within the four corners of the ordinance no member or property owner of the association can ascertain, with any reasonable degree of accuracy, the legal extent to which he may invite to use the beach persons other than those who might be logically admitted, such as his tenants, family and relatives. For example, it is not clear from the ordinance as it presently exists whether friends of a property owner—whether casual, intimate or otherwise—would be legally acceptable as patrons of any beach within the control of the association.

The ordinance hence contains a substantial ambiguity which does not lend itself to temporary injunctive relief.

Zoning regulations are in derogation of common-law rights. They should not be extended by strained inferences or by implication. *Melody* v. *Zoning Board of Appeals,* 158 Conn. 516, 521; *Park Construction Co.* v. *Planning & Zoning Board of Appeals,* 142 Conn. 30, 35. Every property owner should be reasonably able to ascertain how he can use his property in compliance with the zoning regulations. *Shell Oil Co.* v. *Zoning Board of Appeals,* 156 Conn. 66, 70, citing *Lebanon* v. *Woods,* 153 Conn. 182, 191.

A second area of uncertainty exists, in the meaning of the word "beach," as contained in the zoning ordinance. The defendant has urged that the ordinance, at the outset, does not define the word "beach." If the plaintiff relies on the case of *Borden* v. *Westport,* 112 Conn. 152, 159, relative to the proper definition of the word "beach," it does not include the rocky portion of the defendant's property. Therefore, the defendant maintains that the public may enter the rocky portion of his parcel from Falcon Road and proceed to the sandy portion below the high water mark without violating the ordinance.

On the other hand, the plaintiff contends that the word "beach," as used in the ordinance, refers to any stretch of shore, whatever its composition, within the jurisdiction of the plaintiff association and lying directly above the mean high water mark of Long Island Sound.

Accordingly, serious questions of law are involved in the above dispute, the resolution of which must await a final trial on all the issues.

A third obstacle is the sketchy evidence adduced by the plaintiff. It did not persuade the court that the particular persons using the beach at the defendant's invitation were, in fact, members of the "public," as asserted by the plaintiff. Kingsbury testified that he had never personally spoken to any of the patrons allegedly invited by the defendant. Thus, he was unable to state whether the individuals were friends or relatives of the defendant, or whether they were in some other category. There was also testimony from Gerald Degenhardt, who serves as a beach guard for the plaintiff on that stretch of beach to the east of the defendant's premises. Degenhardt testified to the presence on one occasion of some ten to fourteen cars on the defendant's property. He likewise stated that on one weekend during the current summer season there were about seventy persons on the defendant's beach. He also, however, was unable to identify any of the occupants of the beach. He further stated that he had been instructed not to bother the users of the defendant's beach or to make any attempt to oust them or evict them. On the other hand, the defendant testified that he personally knew 90 percent of the persons using his beach. There was no evidence that the patrons of the defendant's beach created problems of nuisance, crowd control, or health or sanitation.

Therefore, even if the ordinance, on its face, should be valid, the proof in support of the claimed violation was obviously deficient.

In the case of *Holt* v. *Wissinger*, 145 Conn. 106, there was a dispute as to whether an extension of a street had been accepted as a public highway. The plaintiffs claimed that the purported acceptance was illegal and a nullity. They attempted to enjoin the improvement of the extension. The court

denied the application, stating (pp. 114–15): "[T]o enjoin the improvement of the extension would be violative of a fundamental principle that equity will not interfere where the legal right is doubtful." To the same effect are *Cassidy* v. *Jenks,* 14 Conn. Sup. 83, 84; *Boesch* v. *Johnson Wholesale Perfume Co.,* 9 Conn. Sup. 110, 111–12.

The court fully recognizes the public interest in the proper enforcement of zoning regulations. Nevertheless, injunctive relief in aid of such enforcement must be based upon credible evidence that a violation has in fact been committed by a defendant based on the facts and applicable law.

It is noted that the sole complainant in this action was the plaintiff's zoning enforcement officer. The plaintiff association includes some 100 to 150 families who live within its geographical area. So far as the record discloses, none of the member families saw fit to commence litigation to enjoin the violations claimed herein. See *Crouchley* v. *Pambianchi,* 152 Conn. 224.

It has been stated above that the defendant had consented to a temporary injunction involving his wrongful use of signs. The court agrees that a temporary injunction should issue relative to that particular prayer for relief.

The plaintiff's application for a temporary injunction relative to the defendant's use of his beach is hereby denied. The plaintiff's application for a temporary injunction pertaining to the signs erected by the defendant is granted.