OPINION OF THE COURT
Herbert Kramer, J.
This action brought by Brooklyn Union Gas Company seeks compensation for consumption of unmetered gas. The gas was not metered due to an alleged bypass. The defendant denied the allegations and counterclaimed for an improper discontinuance of the service by the gas company.
This motion by the plaintiff is for dismissal of the counterclaims under the doctrine of primary jurisdiction, as enunciated in Guglielmo v Long Is. Light. Co. (83 AD2d 481). Under this doctrine, the court, although possessed of concurrent jurisdiction, will defer to the judgment of an administrative agency, herein the Public Service Commission, where that agency has special competence in that particular area.
Although there are many factual similarities between the instant matter and Guglielmo, there are also dissimilarities. On its face, the.plaintiff’s cause of action is for *419 money due and owing. Neither the complaint, the answer nor the motion papers, demonstrate that this matter must lie within the area of primary agency expertise and jurisdiction. It may develop that there is no contest as to the amount or mechanism of the billing of the gas company. In that event, no referral is necessary.
Moreover, as to the counterclaim, the papers do not clearly set forth whether the agency has primary jurisdiction.
Postulating that the rules of the Public Service Commission require notice to be given prior to the cessation of service, the defendant would then be entitled to recover in court for the violation of these rules. There is no indication, from the face of the counterclaim, that there was anything other than an arbitrary, capricious and totally illegal cessation of service, in violation of the Public Service Commission tariff, thus requiring court determination.
Referral, by the court to the Public Service Commission, occurs only where proper notice rules (or other applicable rules) were followed by the plaintiff and the cause of action is clearly predicated thereupon. Recovery would then depend upon the application and interpretation of its billing (or other) rules by the Public Service Commission. However, where it is claimed either that the rules are incorrect as a matter of law, or that a proper rule was violated, the court must resolve these issues.
In order to make a determination based upon all of the relevant facts, the court directs counsel for the plaintiff to draw a long form complaint setting forth allegations as to compliance with the rules and procedures of the Public Service Commission. The defendant is required to set forth, in response thereto, an answer specifying any allegations with respect to violations of Public Service Commission rules regarding the manner and prerequisites to the initial cessation of services. Absent the filing of such complaint and counterclaim, the motion is denied.